UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-80022-DMM

RYAN GOULD,

    Plaintiff,

vs.

BETHANY GUERRIERO, and
JOSEPH STRZELECKI,

    Defendants.
_____/

**<u>DEFENDANT, JOSEPH STRZELECKI'S ANSWER AND DEFENSES</u>**

Defendant, JOSEPH STRZELECKI, by and through his undersigned counsel, files his Answer and Defenses to the Complaint, as follows:

1. Defendant denies the allegations of paragraph 1.

2. Defendant is without knowledge as to the allegations of paragraph 2 and therefore denies these allegations at this juncture.

3. The allegations of paragraph 3 pertain to a Defendant other than Strzelecki and therefore no response is required. To the extent the allegations refer or pertain to Strzelecki, they are denied.

4. Defendant admits the allegations of paragraph 4.

5. Defendant admits the allegations of paragraph 5 for jurisdictional purposes, but denies that Plaintiff is entitled to any relief against him, individually.

6. Defendant admits the allegations of paragraph 6 for jurisdictional purposes, but denies that Plaintiff is entitled to any relief against him, individually.

7. Defendant admits the allegations of paragraph 7 for jurisdictional purposes, but denies that Plaintiff is entitled to any relief against him, individually.

8. Defendant admits the allegations of paragraph 8 for jurisdictional purposes, but denies that Plaintiff is entitled to any relief against him, individually.

9. Defendant is without knowledge as to the allegations of paragraph 9 as there are no presuit notice provisions applicable to a claim against an individual.

10. Defendant is without knowledge as to the allegations of paragraph 10. Defendant denies that Plaintiff is entitled to attorney's fees even if he were to prevail on Count II.

11. Defendant denies the allegations of paragraph 11.

12. Defendant denies the allegations of paragraph 12.

13. Defendant denies the allegations of paragraph 13.

14. Defendant denies the allegations of paragraph 14.

15. Defendant denies the allegations of paragraph 15.

16. Defendant denies the allegations of paragraph 16.

17. Defendant denies the allegations of paragraph 17.

18. Defendant denies the allegations of paragraph 18.

19. Defendant admits the allegations of paragraph 19.

20. Defendant admits that Gould retrieved an item out of his pocket, which turned out to be a cell phone, after Officer Guerriero directed him to keep his hands out of his pocket.

21. Defendant denies the allegations of paragraph 21.

22. Defendant denies the allegations of paragraph 22.

23. Defendant denies the allegations of paragraph 23.

24. The allegations of paragraph 24 pertain to a Defendant other than Strzelecki and therefore no response is required. To the extent the allegations refer or pertain to Strzelecki, they are denied.

25. The allegations of paragraph 25 pertain to a Defendant other than Strzelecki and therefore no response is required. To the extent the allegations refer or pertain to Strzelecki, they are denied.

26. Defendant denies the allegations of paragraph 26.

27. The allegations of paragraph 27 pertain to a Defendant other than Strzelecki and therefore no response is required. To the extent the allegations refer or pertain to Strzelecki, they are denied.

28. Defendant denies the allegations of paragraph 28.

29. Defendant denies the allegations of paragraph 29.

30. Defendant denies the allegations of paragraph 30.

31. Defendant denies the allegations of paragraph 31.

32. The allegations of paragraph 32 pertain to a Defendant other than Strzelecki and therefore no response is required. To the extent the allegations refer or pertain to Strzelecki, they are denied.

33. The allegations of paragraph 33 pertain to a Defendant other than Strzelecki and therefore no response is required. To the extent the allegations refer or pertain to Strzelecki, they are denied.

34. The allegations of paragraph 34 pertain to a Defendant other than Strzelecki and therefore no response is required. To the extent the allegations refer or pertain to Strzelecki, they are denied.

35. Defendant denies the allegations of paragraph 35.

36. Defendant denies the allegations of paragraph 36.

37. Defendant denies the allegations of paragraph 37.

38. The allegations of paragraph 38 pertain to a Defendant other than Strzelecki and therefore no response is required. To the extent the allegations refer or pertain to Strzelecki, they are denied.

39. Defendant denies the allegations of paragraph 39.

40. Defendant denies the allegations of paragraph 40.

41. Defendant admits the allegations of paragraph 41.

42. Defendant denies the allegations of paragraph 42.

43. Defendant denies the allegations of paragraph 43.

44. Defendant denies the allegations of paragraph 44.

45. The allegations of paragraph 45 pertain to a Defendant other than Strzelecki and therefore no response is required. To the extent the allegations refer or pertain to Strzelecki, they are denied.

46. The allegations of paragraph 46 pertain to a Defendant other than Strzelecki and therefore no response is required. To the extent the allegations refer or pertain to Strzelecki, they are denied.

47. Defendant denies the allegations of paragraph 47.

48. Defendant admits the allegations of paragraph 48.

49. The allegations of paragraph 49 pertain to a Defendant other than Strzelecki and therefore no response is required. To the extent the allegations refer or pertain to Strzelecki, they are denied.

50. Defendant denies the allegations of paragraph 50.

## COUNT I

51. Defendant realleges his responses to paragraphs 1 through 50.

52. Defendant denies the allegations of paragraph 52.

53. Defendant denies the allegations of paragraph 53.

54. Defendant denies the allegations of paragraph 54.

55. Defendant denies the allegations of paragraph 55.

56. Defendant denies the allegations of paragraph 56.

57. Defendant denies the allegations of paragraph 57.

58. Defendant denies the allegations of paragraph 58.

59. Defendant denies the allegations of paragraph 59.

60. Defendant denies the allegations of paragraph 60.

61. Defendant denies the allegations of paragraph 61.

62. Defendant denies the allegations of paragraph 62.

63. Defendant denies the allegations of paragraph 63.

64. Defendant denies the allegations of paragraph 64.

## COUNT II

65. Defendant realleges his responses to paragraphs 1 through 50.

66. Defendant denies the allegations of paragraph 66.

67. Defendant denies the allegations of paragraph 67.

68. Defendant denies the allegations of paragraph 68.

69. Defendant denies the allegations of paragraph 69.

70. Defendant denies the allegations of paragraph 70.

71. Defendant denies the allegations of paragraph 71.

72. Defendant denies the allegations of paragraph 72.

73. Defendant denies the allegations of paragraph 73.

74. Defendant denies the allegations of paragraph 74.

75. Defendant denies the allegations of paragraph 75.

76. Defendant denies the allegations of paragraph 76.

77. Defendant denies the allegations of paragraph 77.

78. Defendant denies the allegations of paragraph 78.

79. All allegations not specifically admitted herein above are denied.

80. The Defendant is entitled to all of the terms, benefits and limitations of liability set forth in Florida Statute Section 768.28 et seq.  Defendant asserts that he is entitled to immunity under §768.28(9)(a) since he did not act in bad faith, with malice or in a manner exhibiting wanton and willful disregard of human rights or safety

81. Although Defendant denies that he arrested Plaintiff, even if he is found to have done so, he had probable cause to believe that an offense had been committed and that Plaintiff had committed the offense.  Moreover, since Defendant asserts an entitlement to qualified immunity, the arguable probable cause standard applies, and it is asserted that arguable probable cause existed to believe that Plaintiff committed an offense.

82. Although Defendant denies that he detained Plaintiff, even if he is found to have done so, he had reasonable suspicion to believe that an offense had been committed and that Plaintiff had committed the offense. Moreover, since Defendant asserts an entitlement to qualified immunity, the arguable reasonable suspicion standard applies, and it is asserted that arguable reasonable suspicion existed to effect a temporary detention.

83. Although Defendant denies that he utilized any force against Plaintiff, any force used was reasonable and justified under the totality of the circumstances either to effect Plaintiff's arrest, detention and/or to protect the officers and/or third persons from bodily harm.

84. To the extent that this Defendant used any force, such force was de minimis as a matter of law and therefore not actionable under the Fourth Amendment.

85. Plaintiff has failed to mitigate his damages.

86. Defendant is entitled to a set off or reduction in damages for any and all damages or benefits paid to or on Plaintiff's behalf by or from any and all collateral sources of indemnity.

87. Defendant is entitled to qualified immunity since he did not engage in any act or omission that violated clearly established law.

88. Defendant asserts that Plaintiff has no fee entitlement for Count II.

89. Defendant demands trial by jury.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of January, 2024, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system or by email to all parties. I further certify that I either mailed the foregoing document and the Notice of Electronic Filing by first class mail to any non-CM/ECF participants and/or the foregoing document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants.

JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, P.A.
***Attorneys for Defendant, Strzelecki***
2455 East Sunrise Blvd., Suite 1000
Fort Lauderdale, Florida 33304
(954) 463-0100 - Telephone
(954) 463-2444 – Facsimile
Alexander@jambg.com
Cintron@jambg.com  Andrews@jambg.com

*/s/ Scott D. Alexander*
SCOTT D. ALEXANDER
FLA. BAR NO. 057207

## SERVICE LIST

*Counsel for Plaintiff*
**James M. Slater, Esq. (111779)**
Slater Legal, PLLC
113 S. Monroe Street
Tallahassee, FL 32301
Tel: 305.523.9023
james@slater.legal

---

*Counsel for Defendant, Strzelecki*
**SCOTT D. ALEXANDER, ESQ. (057207)**
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, P.A.
2455 East Sunrise Blvd., Suite 1000
Fort Lauderdale, FL 33304
Tel: 954.463.0100
Fax: 954.463.2444
Alexander@jambg.com
Cintron@jambg.com Andrews@jambg.com