UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO.: 9:24-CV-80022-DMM**

RYAN GOULD,

    Plaintiff,

v.

BETHANY GUERRIERO, an individual, and
JOSEPH STRZELECKI, an individual.

    Defendants.
_____/

### DEFENDANT BETHANY GUERRIERO'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

COMES NOW, Defendant, BETHANY GUERRIERO, ("Guerriero"), and respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the Complaint **[DE 1]** for failure to state a cause of action. In support of Defendant's Motion, Defendant states as follows:

### INTRODUCTION

Plaintiff, Ryan Gould ("Gould") filed a complaint against Palm Beach Gardens Police Officers Bethany Guerriero and co-defendant Joseph Strzelecki ("Strzelecki") in their individual capacities alleging both violations of federal law and Florida state law. In Count I, Gould alleges that Guerriero and Strzelecki deprived Gould of his rights under 42 U.S.C § 1983. In Count II Gould alleges violations of Florida State law for False arrest and False imprisonment.

### STANDARD OF REVIEW UNDER FEDERAL LAW

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court assesses "the legal sufficiency of the complaint, taking its factual allegations to be true and drawing all reasonable inferences in the plaintiffs favor." Harris v. Mills, 572 F.3d 66,

- 1 -

71 (2d Cir. 2009). The complaint must state a claim [for] relief that is plausible on its face by pleading factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Mere labels and conclusions or formulaic recitations of the elements of a cause of action will not do; rather, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010) (emphasis in original).

## STANDARD OF REVIEW UNDER FLORIDA LAW

A complaint is required to contain a short and plain statement of the ultimate facts demonstrating the pleader's entitlement to relief. Rule 1.110(b), Fla. R. Civ. P. "In order to state a cause of action, a complaint must allege sufficient ultimate facts to show that the pleader is entitled to relief." Garnac Grain Co., Inc. v. Mejia, 962 So. 2d 408, 410 (Fla. 4th DCA 2007). "A motion to dismiss for failure to state a cause of action admits all well pleaded facts as true, as well as reasonable inferences that may arise from those facts." South Riverwalk Investments, LLC v. City of Ft. Lauderdale, 934 So. 2d 620, 622 (Fla. 4th DCA 2006). However, allegations which are too general and conclusory are insufficient to state a cause of action. Beckler v. Hoffman, 550 So. 2d 68, 70 (Fla. 5th DCA 1989). A pleading which contains mere conclusions or recitations of elements as opposed to ultimate facts supporting each element of a cause is insufficient. Price v. Morgan, 436 So. 2d 1116, 1121 (Fla. 5th DCA 1983).

## COUNT I FAILS TO STATE A CAUSE OF ACTION

Count I of Gould's Complaint alleges a violation of 42 U.S.C § 1983 for excessive force in violation of the Fourth and Fourteenth Amendments. Based on the four corners of the Complaint, Gould was swimming at his community pool when a dispute arose between him and another resident who was also swimming at the pool. (*See* **[DE 1]** Compl. at ¶¶ 11-12). The dispute escalated and the other swimmer contacted her husband who confronted Gould with a firearm. *Id*.

Gould contacted the police, and officers of the Palm Beach Gardens Police Department, including the Guerriero, responded. (*See* **[DE 1]** Compl. at ¶ 13). Upon Guerriero's arrival to the community pool, she encountered Gould, and instructed him to keep his hands out of his pockets. (*See* **[DE 1]** Compl. at ¶ 19. Gould concedes that he reached into his pockets after being warned not to do so. (*See* **[DE 1]** Compl. at ¶¶ 21). The Plaintiff was handcuffed and detained by Guerriero. (*See* **[DE 1]** Compl. at ¶ 32).  Guerriero's conduct as alleged did not violate Plaintiff's clearly established rights. As such, Plaintiff's complaint should be dismissed.

## **COUNT I AND COUNT II FAIL AS A SHOTGUN PLEADINGS**

To comply with federal pleading standards, a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Plaintiffs must also "state [their] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1320 (11th Cir. 2015). And "[c]ourts in the Eleventh Circuit have little tolerance for [them]." Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1294–95 (11th Cir. 2018). As the Eleventh Circuit has explained, a complaint is a shotgun pleading if it:  (1) contains multiple counts where each count adopts the allegations of all preceding counts; (2) is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) fails to separate into a different count each cause of action; or (4) asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act. Embree v. Wyndham Worldwide Corp., 779 F. App'x 658, 662 (11th Cir. 2019).

Shotgun pleadings share two characteristics: First, they "fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the

grounds upon which each claim rests." Dorman v. Palm Beach Cnty., 2020 WL 2078527, at *1 (S.D. Fla. Apr. 30, 2020) (Altman, J.) (quoting Weiland, 792 F.3d at 1323). Second, they "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." Ibid. (quoting Vibe Micro, 878 F.3d at 1295.

Count I alleges both excessive force, and false arrest. (*See* **[DE 1]** Compl. at ¶¶ 56 and 57). Gould alleges that "…defendants used excessive force including, but not limited to, the brandishing of weapons and the use of handcuffs." (*See* **[DE 1]** Compl. at ¶ 57). Count I also includes the allegation of false (unjustified) arrest. (*See* **[DE 1]** Compl.at ¶ 56). The pleading fails to separate into a different count each cause of action. Just as in Count I, Count II fails to allege separate allegations into separate counts as required by Embree. Count II alleges two Florida Law Violations in one count. Count II alleges both False Arrest and False Imprisonment.

Count I and Count II both violate the fourth Embree category by "assert[ing] multiple claims against both defendants without specifying which defendant is responsible for which act." Embree, 779 F. App'x at 662. Failing to identify which Defendant committed which act and fails to provide either Defendant with the requisite notice of the actual claims against them. The pleading generically alleges and attributes actions to both Defendants in some paragraphs while alleging a single defendant committed an act in other places. For example, the complaint alleges that "…defendants used excessive force including, but not limited to, the brandishing of weapons and the use of handcuffs." (*See* **[DE 1]** Compl. at ¶ 57). This would seemingly indicate that both Defendants committed both acts, but previous paragraphs would contradict that belief. (*See*  **[DE 1]** Compl. at ¶ 32). The pleading also fails the fourth (4th) prong of Embree in Count II by asserting multiple claims against multiple defendants without specifying which defendant is responsible for which act. Embree at 662. At no place in Count II does the pleading distinguish the actions of

Guerriero.

The failure to specify which Defendant is alleged to have committed which action, makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Weiland, 792 F.3d at 1325 (quoting Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996)).

## COUNT II FAILS TO ALLEGE A JURISDICTIONAL AMOUNT

Finally, the Plaintiff failed to plead the state claim threshold jurisdictional amount. A circuit court's subject matter jurisdiction is initially determined by the amount of damages alleged in good faith…. The proper test in determining the threshold matter of jurisdiction is whether petitioners pleaded their damages in good faith. See Thibadeau v. Santini Bros., Inc., 315 So. 2d 550, 552 (Fla. 4th DCA 1975); accord Plutt v. Ross, 230 So. 3d 883, 885 (Fla. 4th DCA 2017). Curtis v. Centauri Specialty Ins. Co., 290 So. 3d 926, 927 (Fla. Dist. Ct. App. 2020)

The rule for "determining the jurisdiction of a court as to the amount involved is the amount claimed in good faith. Rocco v. Coffey, Fla.App.1964, 163 So.2d 21 [2nd DCA]." Norris v. Southern Bell Tel. and Tel. Co., 324 So.2d 108 (Fla. 3d DCA 1975); Seaboard Air Line Ry. v. Ray, 52 Fla. 634, 42 So. 714 (1906). See White v. Marine Transp. Lines, Inc., 372 So.2d 81 (Fla.1979); Richter Jewelry Co. v. Harrison, 147 Fla. 732, 3 So.2d 387 (1941).

WHEREFORE, the Defendant, Palm Beach Gardens Police Officer BETHANY GUERRIERO, respectfully requests that this Court dismiss the Complaint.

Respectfully Submitted,

/s/ Ralph E. King III  
Ralph E. King III. Esq.  
King | Morse, P.L.L.C.  
2240 Palm Beach Lakes Blvd., 300   &  
West Palm Beach, FL 33409  
(561)557-1079  
E-Mail: Rick@kingmorselaw.com  

/S/ Gregory J. Morse  
Gregory J. Morse, Esq.  
King | Morse, P.L.L.C.  
2240 Palm Bch lakes Blvd., 300  
West Palm Beach, FL 33409  
(561) 651-4145  
E-Mail: greg@morselegal.com

|  |  |  |
|---|---|---|
| Kristen@kingmorselaw.com | | tiffany@morselegal.com |
| Florida Bar No.: 0090473 | | Florida Bar No.: 0505099 |
| Attorney for Def. B. Guerriero | | Attorney for Def. B. Guerriero |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing motion has been furnished by CM/ECF to all counsel of record on February 20, 2024.

| | | |
|---|---|---|
| /s/ Ralph E. King III | | /s/ Gregory J. Morse |
| Ralph E. King III. Esq. | | Gregory J. Morse, Esq. |
| King \| Morse, P.L.L.C. | | King \| Morse, P.L.L.C. |
| 2240 Palm Beach Lakes Blvd., 300 | & | 2240 Palm Bch lakes Blvd., 300 |
| West Palm Beach, FL 33409 | | West Palm Beach, FL 33409 |
| (561) 557-1079 | | (561) 651-4145 |
| E-Mail: Rick@kingmorselaw.com | | E-Mail: greg@morselegal.com |
| Kristen@kingmorselaw.com | | tiffany@morselegal.com |
| Florida Bar No.: 0090473 | | Florida Bar No.: 0505099 |
| Attorney for Def. B. Guerriero | | Attorney for Def. B. Guerriero |