UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:24-CV-80022-DMM

RYAN GOULD,

    Plaintiff,

v.

BETHANY GUERRIERO, an individual, and
JOSEPH STRZELECKI, an individual.

    Defendants.
_____/

## DEFENDANT BETHANY GUERRIERO'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS

COMES NOW, Defendant, BETHANY GUERRIERO, ("Defendant" or "Guerriero"), and files this Reply to Plaintiff's *Response in Opposition to the Defendant's Motion to Dismiss the Complaint* **[DE 18]**:

The Defendant relies on the facts and arguments set forth in her *Motion to Dismiss* **[DE 15]** with the following Reply in support of granting her Motion:

The facts as pled in the Complaint, when read in a light most favorable to the Plaintiff, Ryan Gould ("Plaintiff" or "Gould"), fail to establish a cause of action for his federal claim in Count I ("42 U.S.C. § 1982-Fourth Amendment violations" Compl. pg. 7) and state claims in Count II ("False Arrest/False Imprisonment Under Florida Law" Compl. pg. 9). In addition to the other arguments set forth in Defendant's Motion, Plaintiff has failed to allege any facts sufficient to overcome the Defendant's qualified immunity as a matter of law. See *Dalrymple v. Reno*, 334 F.3d 991, 994-95 (11th Cir. 2003))(abrogated in part on other grounds by *Haywood v. Green*, 2023 WL 6303027 at 6 (N.D. Ala. Sept. 27, 2023)).

"A police officer is entitled to qualified immunity "if a reasonable police officer could have

believed his or her actions were lawful in light of clearly established law and the information possessed by the officer." *Stewart v. Baldwin Cty. Bd. of Educ.*, 908 F.2d 1499, 1504 (11th Cir.1990). "Qualified immunity 'protect[s] from suit all but the plainly incompetent or one who is knowingly violating the federal law.'" *Dalrymple*, 334 F.3d at 994.

> Qualified immunity protects government officials performing discretionary functions from civil liability if their conduct violates no "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Suits against government officials for damages against them individually are costly not only for the defendants, but for society as a whole. The social costs include "the expenses of litigation, the diversion of official energy from pressing public issues, and the deterrence of able citizens from acceptance of public office." *Id.* at 814, 102 S.Ct. at 2736. Qualified immunity recognizes that, "where an official's duties legitimately require action in which clearly established rights are not implicated, the public interest may be better served by action taken 'with independence and without fear of consequences'" *Id.* at 819, 102 S.Ct. at 2739.

*Post v. City of Fort Lauderdale*, 7 F.3d 1552, 1556 (11th Cir. 1993), see also, *Migut v. Flynn*, 131 Fed.Appx. 262, 264 (11th Cir. 2005).

The United States Supreme Court instructed in *Pearson v. Callahan*, 555 U.S. 223, 231–32, 129 S. Ct. 808, 815, 172 L. Ed. 2d 565 (2009):

> Because qualified immunity is 'an immunity from suit rather than a mere defense to liability ... it is effectively lost if a case is erroneously permitted to go to trial.' [quoting] *Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) (emphasis deleted). Indeed, we have made clear that the "driving force" behind creation of the qualified immunity doctrine was a desire to ensure that 'insubstantial claims' against government officials [will] be resolved prior to discovery.' [quoting] *Anderson v. Creighton,* 483 U.S. 635, 640, n. 2, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). Accordingly, 'we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" [quoting] *Hunter v. Bryant,* 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) *(per curiam)*.

In the Plaintiff's *Response* and the *Complaint*, he readily admits that Police Officer Guerriero was clearly acting within the scope of her employment when responding to the 911 call

of an armed (firearm) dispute between two people. (DE 18 pg. 2). Thus, the burden of establishing that qualified immunity *does not* apply shifts to the Plaintiff. See *Turner v. Phillips*, No. 21-12370, 2022 WL 458238, at *2 (11th Cir. Feb. 15, 2022).

Defendant Guerriero was responding to "a person with a firearm" call when she first encountered the Plaintiff. The Plaintiff readily admits that he was given lawful commands by the Defendants, and he failed to comply by putting his hands in his pockets multiple times when he was ordered to keep them visible, by waiving his hands around erratically instead of putting them by his side as instructed, and he argued with the Defendant that he only had a cell phone instead of complying with their lawful commands (DE 18 pg. 2 and Compl. ¶¶ 18-22). At this point, all Defendant Guerriero essentially knew was that a person was threatened with a firearm.

Additionally, Plaintiff's argument that the allegation of: Guerriero pointing her gun at the Plaintiff satisfies the requirement to allege facts that, if true, would show that the Defendant violated the Plaintiff's clearly established statutory or constitutional rights [4th Amend.]. While the Court must only look to the four corners of the complaint and draw all inferences in favor of the plaintiff when deciding a motion to dismiss, the Court does not have to look at only fragments of the complaint as the Plaintiff attempts to do in its argument (response pg. 6-7). The Plaintiff's claim that "Gould posed no threat" to the Defendant is simply his legal conclusion and not a reasonable inference to make from all of the facts alleged.

When taking the facts alleged in the Complaint as a whole, the Plaintiff readily admits that Officer Guerriero told him to keep his hands out of his pocket, but he ignored her commands and quickly reached into his pocket and pulled out his cell phone—Gould knew he was pulling out a cell phone, but someone in Guerriero's position would not know that initially. Then, he was instructed to put his hands at his side and the Plaintiff again ignored Officer Guerriero's lawful commands. In the split-second moments that an officer has to react when arriving on scene to a

call of a person threatening someone with a firearm, Guerriero acted more than appropriate to protect her partner, any civilians in the area, the Plaintiff, and herself given the Plaintiff's admitted erratic behavior. When taken together with the time, location, and other circumstances of the encounter between Plaintiff and Guerriero, arguable reasonable suspicion and/or arguable probable cause existed that Plaintiff had committed or was about to commit an offense.

Plaintiff's reliance on *Croom v. Balkwill*, 645 F.3d 1240 (11th Cir. 2011) and *Flores v. Rivas*, 2020 WL 563799 (W.D. Tex. Jan. 31, 2020) to support his argument that *pointing a gun at an unarmed civilian is per se excessive force, ie: clear proof that an established constitutional right was violated* (response pg. 6 sec. 'A') in misplaced. The defendants in those cases were compliant with the officer's commands, unlike the case at bar. *Courson v. McMillian*, 939 F.2d 1479 (11th Cir. 1991), which is cited by the Plaintiff in his response, is applicable to the facts at bar (no fourth amendment violation for drawing "weapons when approaching and holding individuals for an investigatory stop . . . when reasonably necessary for protecting an officer or maintaining order." *Id.* at 1494-95.).

"In the context of Fourth Amendment excessive force claims, "unless a controlling and materially similar case declares the official's conduct unconstitutional, a defendant is usually entitled to qualified immunity." See *Priester v. City of Riviera Beach, Fla.*, 208 F.3d 919, 926 (11th Cir. 2000). The Plaintiff has not pointed to any "controlling and materially similar case law" that declares Guerriero's conduct unconstitutional." *Id.* at 926. It is clear from the facts as plead in the Complaint that Guerriero was acting within her discretionary function as a police officer and was not "plainly incompetent" and did not otherwise violate the Plaintiff's "clearly established statutory or constitutional 4th Amendment rights." Moreover, the facts as alleged in the Complaint clearly support the defense of qualified immunity as a matter of law. Consequently, the Defendant's *Motion to Dismiss the Complaint* should be granted in its entirety. "A district court

should therefore grant the defense of qualified immunity on a motion to dismiss if the complaint 'fails to allege the violation of a clearly established constitutional right.' *Chesser v. Sparks,* 248 F.3d 1117, 1121 (11th Cir. 2001) (quoting *Williams v. Ala. State Univ.,* 102 F.3d 1179, 1182 (11th Cir.1997)).

WHEREFORE, the Defendant, BETHANY GUERRIERO, respectfully requests that this Court dismiss the Complaint and grant the Defendant reasonable attorney fees and costs in defending this action.

                          Respectfully Submitted,

| */s/ Ralph E. King III* | */S/ Gregory J. Morse* |
|---|---|
| Ralph E. King III. Esq. | Gregory J. Morse, Esq. |
| King | Morse, P.L.L.C. | King | Morse, P.L.L.C. |
| 2240 Palm Beach Lakes Blvd., 300   & | 2240 Palm Bch lakes Blvd., 300 |
| West Palm Beach, FL 33409 | West Palm Beach, FL 33409 |
| (561)557-1079 | (561) 651-4145 |
| E-Mail: Rick@kingmorselaw.com | E-Mail: greg@morselegal.com |
|       Kristen@kingmorselaw.com |       tiffany@morselegal.com |
| Florida Bar No.: 0090473 | Florida Bar No.: 0505099 |
| Attorney for Def. B. Guerriero | Attorney for Def. B. Guerriero |

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing motion has been furnished by CM/ECF to all counsel of record on March 11, 2024.

| /s/ Ralph E. King III | /s/ Gregory J. Morse |
|---|---|
| Ralph E. King III. Esq. | Gregory J. Morse, Esq. |