UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Ryan Gould,

    Plaintiff,

v.

Bethany Guerriero, et ano.,

    Defendants.

Case No. 9:24-cv-80022-DMM

**JOINT DISCOVERY PLAN**

Pursuant to the Court's Pretrial Scheduling Order [ECF No. 22], the parties submit this Joint Discovery Plan. The parties previously met and conferred on February 21, 2024 in accordance with Rule 26(f) and Local Rule 16.1(b) and filed a joint scheduling report [ECF No. 16]. As set forth in paragraph 2 of the Pretrial Scheduling Order, the parties provide responses to the eleven categories outlined therein:

1. **Estimated Valuation of the Case.**

    a. Plaintiff's Response: Plaintiff believes that this case, which primarily consists of noneconomic damages, is valued in the six figures. Plaintiff will also be entitled to attorney's fees under section 1988.

    b. Defendant Strzelecki's Response: Defendant, Officer Joseph Strzelecki contends that he was on scene for a very brief period of time (less than 2 minutes) with Plaintiff, that he never formulated probable cause or made physical contact with Plaintiff and thus asserts that Plaintiff has no entitlement to damages from him.

   c. <u>Defendant Guerriero's Response</u>: Defendant Guerriero believes that her actions were consistent with the law, and therefore Plaintiff has no entitlement to damages from her.

 2. **Initial Disclosures.** The parties will exchange Rule 26(a)(1) initial disclosures no later than April 12, 2024.

 3. **Subjects of Discovery Needed.** The parties have already sought and will continue to seek information related to the incident, documents and records in the City's possession related to the defendants and the incident, and other information related to post-incident findings. Defendants intend to seek discovery on the issue of Plaintiff's alleged damages.

 4. **Ability to Limit Discovery by Stipulation.** The parties, in their Joint Scheduling Report, stipulated that the defendants were acting under color of state law. At this time, the parties are not aware of any other stipulations they intend to make to limit discovery but will work in good faith to do so.

 5. **Document Discovery Needed.** The parties have sought and turned over documents in the possession of the City and Defendants relevant to the incident, the City's policies, and internal documents related to the incident and post-incident investigation. Discovery is ongoing but will primarily focus on these issues.

 6. **Whether Discovery Should Be Conducted in Phases.** The parties do not believe that discovery should be conducted in phases, but Plaintiff intends to serve punitive damages discovery later in the discovery process.

 7. **ESI.** As the parties stated in their Joint Scheduling Report, they agree to preserve and exchange relevant ESI in a convenient and cost-effective manner. The parties are unaware of any ESI issues presented by this case at this time.

8.  **Depositions.** The parties have scheduled depositions for the named Plaintiff and Defendants. Plaintiff also intends to depose other officers on scene during the incident and may seek to depose a City designee.

9.  **Privilege Issues.** As the parties stated in their Joint Scheduling Report, the parties will work together to narrow any privilege claims. The parties agree to assert privilege claims before production.

10. **Changes on Limitations of Discovery.** The parties agree that this case should be governed by the Local Rules and Federal Rules and that there should not be any limitations or extensions of the normal rules in this case.

11. **Mediation/Settlement Conference.** At this stage, the parties do not believe that early mediation or settlement conference would be helpful. The parties will engage in mediation as required by the Court's order after the completion of discovery.

Dated: April 2, 2024.

Respectfully submitted,

**James M. Slater**
James M. Slater (FBN 111779)
Slater Legal PLLC
113 S. Monroe Street
Tallahassee, FL 32301
Tel. (305) 523-9023
james@slater.legal

**Eric A. Rice**
Eric A. Rice (Admitted pro hac vice)
Law Office of Eric A. Rice, LLC
1 W. Water Street, Suite 275
St. Paul, Minnesota 55107
Tel. (651) 998-9660
eric@ricedefense.com

*Attorneys for Plaintiff*

**Scott D. Alexander**
Scott D. Alexander (FBN 057207)
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, P.A.
2455 East Sunrise Blvd., Suite 1000
Fort Lauderdale, FL 33304
Tel: 954.463.0100
Fax: 954.463.2444
alexander@jambg.com

*Attorneys for Defendant Strzelecki*

**Gregory J. Morse**
Gregory J. Morse (FBN 0505099)
King | Morse, P.L.L.C.
2240 Palm Beach Lakes Blvd., 300
West Palm Beach, FL 33409
Tel. (561) 557-1079
greg@morselegal.com

**R.E. "Rick" King, III**
R.E. "Rick" King, III (FBN 90473)
King | Morse, P.L.L.C.
2240 Palm Beach Lakes Blvd., 300
West Palm Beach, FL 33409
Tel. (561) 557-1079
rick@morselegal.com

*Attorneys for Defendant Guerriero*

4