# Exhibit D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-80022-DMM

RYAN GOULD,

    Plaintiff,

v.

BETHANY GUERRIERO, et ano.,

    Defendants.

_____/

### PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT JOSEPH STRZELECKI'S INTERROGATORIES

Pursuant to Rule 34 of the Florida Rules of Civil Procedure, Plaintiff Ryan Gould states his responses and objections to Defendant Joseph Strzelecki's Interrogatories propounded on March 18, 2024.

1.    Please state your full name, present residential and business addresses, date of birth, Social Security number, Driver's License number, height and wright.

    **RESPONSE: Ryan Gould**
    **DOB:** [redacted]
    **Height: 6'4"**
    **Weight: 205**

2.    Please state your full and complete reasoning for relocating to the State of Illinois after your arrest.

    **RESPONSE: Plaintiff relocated to Illinois for multiple reasons. One being that he no longer felt safe in Florida due to the unlawful seizure and arrest at issue in this lawsuit. Second being that he was offered a job from his father in Illinois.**

3. Have you ever been arrested or convicted of a crime? If so, please give the name or type of offense, the arresting agency, the date, the place, the results and any sentence imposed.

**RESPONSE: No.**

4. Please state the name and address of your employer(s) over the past ten (10) years and your rate(s) of pay.

**RESPONSE: MJG Enterprises**
**January 2014 – September 2020**
**Rate of pay: $70,000 / Year approximately**

**Lakeworth Medical Alliance**
**March 2021 - April 2023**
**Rate of pay: $80,000 / Year approximately**

**MJG Enterprises**
**Approximately July 2023 – Present**
**Rate of pay: $175,000 / Year approximately**

5. Please state in detail the specific facts that describe the battery which you allege you were a victim of as stated in your Complaint. Please include all actions taken by you to cooperate with the Defendants in order to prevent your arrest and detainment. Please state in detail why you reached into your pocket after being directed by a law enforcement officer to keep your hands out of your pockets.

**RESPONSE: Plaintiff objects to this interrogatory on the grounds that he does not allege a cause of action for "battery," that it assumes Plaintiff's failure to "cooperate" was the cause or a cause of his arrest and detainment. Plaintiff also objects to this interrogatory as compound and including three discrete interrogatories, therefore rendering this set of interrogatories in excess of the permissible number allotted by the Federal Rules. Notwithstanding, Plaintiff responds as follows: Plaintiff was swimming laps in his community pool when a woman came in and asked if he could swim elsewhere because he was in her way. Plaintiff and the woman nearly collided swimming in the pool when the woman threatened to call the police. Plaintiff got out of the pool and was being verbally attacked by the woman and her husband for swimming in the pool. An argument ensued between the Plaintiff and the woman's husband when her husband brandished his weapon. Plaintiff walked out of the pool deck and into the parking lot to contact police, as he was just threatened with a weapon. Officers arrived and took Plaintiff's statement and spoke to the aggressor.**

> **When Officer Guerriero arrived on scene, she grabbed her firearm despite having heard over the radio from Officer Valerio that Plaintiff—the victim—was in a bathing suit and the aggressor/suspect had a gun holstered in his waistband. Plaintiff reached into his pocket to grab his phone. At this point, while Plaintiff had his hands up, holding his phone, clearly did not have any weapon in his bathing suit and did not match the description of the suspect that was relayed to Defendants, Officer Guerriero brandished her weapon and pointed it at the Plaintiff and demanded that he get on the hot asphalt. Officer Strzelecki followed Guerriero and pointed his Taser at Plaintiff. Officers Guerriero and Strzelecki forced Plaintiff to lie on the hot asphalt. Officer Guerriero shoved him onto the pavement while verbally attacking and handcuffing him. Plaintiff was moved into the back of a police car and asked to produce his identification. Officers arrested him and transported him for processing. Plaintiff was released after a lengthy time in custody.**

6.  Please describe in detail the mental, emotional, and/or bodily injury and any accompanying hospitalization, medical and/or nursing care and treatment of physical injuries that you allege you suffered as a result of the incident alleged in the Complaint.

> **RESPONSE: Plaintiff suffered mental anguish and continues to suffer from back pain since the date of the incident. Plaintiff was victimized by the suspect at the pool who brandished his gun. He thought he would be safe when police arrived, but instead was put in severe and immediate fear for his life when Officer Guerriero brandished her weapon and pointed it at him. Officer Strzelecki also pointed his Taser at Plaintiff. Plaintiff believed that he was going to die. He was then brutally handled, shamed, and arrested by Officer Guerriero while Officer Strzelecki watched and failed to do anything to stop her. Further trauma and physical pain occurred during the lengthy time in which Plaintiff was in custody.**

7.  Please state the damages you incurred, giving any and all monetary amounts and describe the formula you used to determine this amount.

> **RESPONSE: Pursuant to Rule 33(d), please see Plaintiff's Rule 26(a)(1) disclosures.**

8.  Please explain in detail what occurred when you were arrested and give the names of persons present and describe what you were told and how you responded.

> **RESPONSE: Plaintiff doesn't recall every single word spoken to him by either Officer Guerriero or Strzelecki. Pursuant to Rule 33(d), Plaintiff refers Defendant Strzelecki to the footage produced by Plaintiff and Defendants in this case.**

9. If you were held in jail for any length of time as a result of the incident sued upon herein, please state:

   a. The name, or other means of identification and location of the jail in which you were held, the time and date of your release, and whether you were required to post bail to perfect your release, and if so, the amount of bail, the person posting said bail on your behalf, and the amount of the premium of the bail bond.

   b. Were you interrogated while at the jail? If so, please give the name or description of the person who asked you questions, explain the questions you were asked, and describe your answers.

   **RESPONSE: Plaintiff was held in the Palm Beach Gardens Police Department and then to the best of Plaintiff's knowledge, he was transported to the Palm Beach County Jail. Plaintiff was not interrogated.**

10. Please explain with specific facts what you are relying upon to base your claim that excessive force was utilized during your arrest and describe in detail, in your own words, how this incident occurred.

    **RESPONSE:** *See* **Response to Interrogatories Nos. 5 & 6 above.**

11. If you are claiming loss of past earnings, please state how much (in dollars and cents) and describe how you computed your answer. If you are claiming loss of future earnings, please state how much (in dollars and cents) and describe how you computed your answer.

    **RESPONSE: Not applicable.**

12. If you were hospitalized and/or seen as an out-patient at any hospital as a result of the incident described in your Complaint, please state the name and address of the hospital and the dates of admission and/or treatment. Please give the names, addresses and specialties of all treating

doctors, psychologists, and counselors, and the date you were seen by each as a result of the incident alleged in your Complaint and a description of the treatment and diagnosis.

**RESPONSE: Not applicable.**

13. Please list all medical bills and/or special damages which you allege you have incurred as a result of the incident described in your Complaint, giving the amount of each bill in dollars and cents, the date each bill was incurred, and the name of the person, firm or company who billed you and a description or reason for the bill(s).

**RESPONSE: Not applicable.**

14. Give the names and addresses of expert witnesses hired by you who may be used to testify at the trial, giving the subject matter on which each is expected to testify, the substance of facts and opinions to which each is expected to testify and a summary of the grounds for each opinion.

**RESPONSE: Objection. This interrogatory is premature.**

15. If you have taken any statement of any person in connection with any of the circumstances leading up to or surrounding the occurrence of said incident, please state the name and address of each person, the date the statement was obtained, and whether it was a written, oral or court reporter statement.

**RESPONSE: None.**

16. Please list the names and addresses of all persons believed or known by you, your agents or attorneys to have any knowledge concerning any of the issues raised by the pleadings and specify the subject matter about which the witness has knowledge and indicate if they are an eyewitness.

> **RESPONSE: Plaintiff understands that officers named in the police reports and the woman and the husband at the pool have knowledge of the incident as described in the reports.**

17. List the name, residence address, business address and telephone number of each person believed or known by you, your agents or attorneys to have heard or who is purported to have heard the Defendant(s) or its/their employees make any statement, remark or comment concerning the incident described in the Complaint, and the substance of each statement, remark or comment.

> **RESPONSE: Plaintiff understands that police reports and recordings of the incident have captured all such statements, remarks, or comments.**

18. Has there ever been any contact, other than the subject incident between Defendant, Joseph Strzelecki, his employees, or representatives of Joseph Strzelecki and Plaintiff? If so, please give the date, place, and description of circumstances of the encounter.

> **RESPONSE: Plaintiff recalls seeing Defendant Strzelecki during other visits to the police station. Plaintiff does not recall any substantive conversations with Defendant Strzelecki during those visits. Plaintiff recalls that Defendant Strzelecki said little, if anything, during those times.**

19. Do you or someone on your behalf have any photographs reflecting any facts of this case. If so, please describe when they were taken and the subject matter and give the name and address of the custodian.

> **RESPONSE: None.**

20. Please describe in your own words the constitutional rights and privileges that of which you allege to have been deprived.

> **RESPONSE: Objection. Plaintiff objects to this interrogatory on grounds that it calls for a legal conclusion.**

21. If you had to hire anyone to represent you with regards to any criminal proceedings instituted as a result of the alleged incident, please give the name and address of the individual who represented you and list any fees you were charged.

**RESPONSE: None.**

22. If there are any activities in which you are limited or hampered and/or are totally unable to do now that you could do before the suit, please describe them, and explain why you no longer can participate in such activities.

**RESPONSE: Plaintiff has not been able to go for a swim since the incident due to mental anguish and fear. Plaintiff no longer resides in Florida due to the trauma. Plaintiff has engaged in fewer public social activities since the incident.**

23. Please give the names, addresses, and specialties of all treating doctors, psychologists, and counselors from whom you have received treatment in the past ten years and the date you were seen by each, and a description of the treatment and diagnosis.

**RESPONSE: None related to this incident.**

24. State with specificity the acts or omissions that you attribute to the Defendant, Joseph Strzelecki and how each of the actions caused or contributed the damages alleged in your Complaint. Please explain with specifics, what facts you are relying upon to base your claim that you were falsely arrested/imprisoned by the Defendant, Joseph Strzelecki. Please include any falsehoods which you claim are located in the police report for the subject arrest.

**RESPONSE:** *See* **Responses to Interrogatories Nos. 5 & 6 above.**

25. Please state in detail the specific facts that describe the mental anguish and loss of ability for the enjoyment of life, which you allege you were caused to suffer as stated in your Complaint.

**RESPONSE: Plaintiff suffered and continues to suffer from insomnia. Plaintiff lives in a constant state of fear that he will be harmed by the very people who are hired to**

**protect him. Plaintiff continues to suffer from this, although he lives in an entirely new state. Plaintiff replays the incident in his mind. Plaintiff is concerned that if he is put into a dangerous situation, he will not be protected. This has caused Plaintiff to avoid crowds and largely stay at home.**

Dated: April 17, 2024

        AS TO OBJECTIONS ONLY:

*/s/ James M. Slater*
James M. Slater (FBN 111779)
Slater Legal PLLC
113 S. Monroe Street
Tallahassee, Florida 32301
james@slater.legal
Tel. (305) 523-9023

Eric A. Rice
Law Office of Eric A. Rice, LLC
1 West Water Street, Suite 275
St. Paul, MN 55107
eric@ricedefense.com
Tel. (651) 998-9660

*Attorneys for Plaintiff Ryan Gould*

## Certificate of Service

I hereby certify that on April 17, 2024, I served a copy of these responses and objections to all counsel of record.

By: */s/ James M. Slater*
     James M. Slater

**Verification of Interrogatory Answers**

I believe, based on reasonable inquiry, that the foregoing answers to Defendant Joseph Strzelecki's First Set of Interrogatories are true and correct to the best of my knowledge, information, and belief. I verify under penalty of perjury that the foregoing is true and correct.

By: _____
Ryan Gould