UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-80022-DMM

RYAN GOULD,

    Plaintiff,

vs.

BETHANY GUERRIERO, and
JOSEPH STRZELECKI,

    Defendants.
_____/

**DEFENDANT, JOSEPH STRZELECKI'S REPLY MEMORANDUM
IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**

Defendant, JOSEPH STRZELECKI, by and through undersigned counsel, pursuant to Rule 56, *Fed.R.Civ.P.* and Local Rule 56.1, *S.D.Fla.L.R.*, files his Reply Memorandum in support of his Motion for Summary Judgment:

*Introduction*

Plaintiff, Gould's response effectively supports Defendant, Officer Strzelecki's points that Strzelecki was not the arrest officer, that Strzelecki was not the officer that formulated probable cause and that Strzelecki departed from the scene when Gould was subject to detention, not arrest. Indeed, Plaintiff's response to Statement of Facts ¶51 concedes that Plaintiff had only been detained during the 90-seconds Strzelecki was present, but also that a police supervisor directed Officer Strzelecki that Gould was being arrested upon Officer Guerriero's probable cause, not because of observations or directives of Strzelecki. D.E. 40, ¶54 ("Undisputed" response to Strzelcki's SOF ¶54). As Strzelecki urged in his motion, and as Plaintiff now concedes, Strzelecki was not present when Plaintiff was informed of his arrest, nor when he was placed under arrest, and that Strzelecki was only tasked with documenting Guerriero's arrest because she fell ill. D.E.

40, ¶¶54-56 ("Undisputed" responses to SOF ¶¶54-56).

Plaintiff also repeatedly disputes that which is plainly depicted in the video. The video is Strzelecki's greatest ally in this case, because without it, we can only wonder what Plaintiff would say Strzelecki did on scene or failed to do. The video depicts Strzelecki briefly withdrawing his Taser when a fellow senior officer unholstered a lethal weapon, exchanging a few words with Gould, and then departing the scene within 90 seconds (before Gould's arrest) to investigate the underlying occurrence, having used no force and, in fact, having never even touched Gould. D.E. 40 ("Undisputed" response to Strzelecki's SOF ¶40).

Plaintiff also takes great issue with the officers' collective decision to detain or give Gould any directives because he did not meet the description of the person reported by dispatch to have a gun. This argument misses the mark entirely. When officers receive information from dispatch, it is second-hand information conveyed by citizens, often interested citizens seeking to advance their position after being involved in an adverse incident. In this instance, information was being conveyed over the radio from multiple different callers, including two that implicated Gould in possibly illegal conduct. The notion that Strzelecki violated Gould's (clearly established) constitutional rights because in a matter of seconds (and without any investigation of his own), he had not fully concluded that Gould was unarmed, or that he did not defeat the actions of Officer Guerriero, who was merely detaining a combative individual on a gun call that reached into his pockets when told not to do so is ludicrous.

There was no constitutional violation here by Gould, and Plaintiff's Response makes that point as convincingly as Strzelecki's own moving papers. But even if there were one, if ever there was a case where qualified immunity would apply, this is that case for this officer.

*Legal Argument*

**A. Gould was Not Under Arrest During Strzelecki's 90-second Presence**

Officer Strzelecki's 90-second on-scene interactions with Gould do not subject him to liability for an unreasonable seizure. Indeed, the very heading of Plaintiff's argument is false and misleading: "Gould was arrested when Strzelecki and Guerriero held him at gunpoint, ordered him to the ground and put him in handcuffs." The undisputed facts, as established by clear video evidence, is that Strzelecki did none of these things: (1) he did not hold Gould at gunpoint and, in fact, never took out a gun; (2) he did not order Gould to the ground…Guerriero did; and (3) he did not handcuff Gould…Guerriero did.

Plaintiff cites to *United States v. Fields*, 178 Fed. Appx. 890, 893 (11th Cir. 2006) and seeks to rely upon the facts therein, but shockingly misses that the factors all weigh in Strzelecki's favor. The first factor is the law enforcement purposes served by the detention. Here, the officers were called to a dispute (notably, in part, because Gould asked officers to come) involving a firearm, and a senior officer had told Gould twice not to put his hands in his pocket. Gould did so anyway, and then became combative. Thus, this is not a situation where Gould was there against his will. Gould wanted to be there, with the only issue being that he did not want to be detained in handcuffs, but that decision was not Strzelecki's to make. As Plaintiff's D.E. 40 acknowledges, Strzelecki never touched Gould. D.E. 40, ¶40.

The second factor is the diligence with which the police pursued their investigation. Here, Strzelecki played no role in the investigation of Gould, and quickly departed to address the other combatants. He was only present when Guerriero ordered Gould to the ground and effected an investigatory detention. Consequently, the diligence in pursuit of the investigation is an issue for

Gould to address with others. Plaintiff incongruently relies upon Judge Zloch's opinion in *Kolin v. Dorsett*, No 15-62728 (S.D. Fla., July 26, 2017) for the proposition that a detention effectively is an arrest "when the decision to arrest has already been made." D.E. 41, p. 4. But, here, there is nothing – quite literally nothing – to support that Strzelecki had made any arrest or probable cause decisions pertaining to Gould in the brief period he was present. Indeed, the conventionally filed BGVideo at 1:25 reveals that Officer Guerriero informed Gould that she (not Strzelecki) was detaining him. At 2:30 (just about a minute later), Strzelcki departs. By this time, Gould had not been arrested. For the next two minutes, the video depicts officers trying to explain why Gould was being detained, but he would not allow officers to speak to him without interrupting. At 4:07, Gould exclaims, "arrest me," and Guerriero informs him that he was now under arrest for resisting. Strzelecki was not there. Plaintiff's suggestion that Strzelecki knew Plaintiff was under arrest, or had played any role in that decision by Guerriero at 4:07 of the video is pure sophistry. Simply put, what occurred after Strzelecki left cannot be imputed to him just because he was present for Guerriero's detention.

The remainder of Plaintiff's argument is similarly unavailing. Gould describes a lack of a pat-down, but fails to note he was already handcuffed, which would obviate the need for Strzelecki to conduct a pat down, and which he would not have done anyway since he was not the handcuffing and detaining officer. He similarly points out that "Gould remained detained for a lengthy period *following* the investigation and resolution of the incident at the pool." There is no doubt this is true, but again this is a grievance to address with those involved. Where an officer asserts qualified immunity and seeks to defend his actions, the Plaintiff's focus must be on the actions of ***that officer***, and not the collective actions of the police department in general. Plaintiff's Response conflates and confuses the issues, and fails to place proper focus on the movant Defendant. This

is exemplified by Gould's reliance upon caselaw where a suspect was detained in a police car for a length of time where, again, Strzelecki never placed or even observed Gould in a police car on scene.

Succinctly stated, even assuming *arguendo* that Gould was arrested while Strzelecki was present (a stretch, at best), he was not arrested by Strzelecki, and therefore any lack of probable cause liability would be borne by Officer Guerriero. As for whether arguable reasonable suspicion existed to detain Gould, that too would fall on Guerriero since she detained him; however, arguable reasonable suspicion did, in fact, exist for a detention as previously argued. As fully set forth in the moving papers, Strzelecki was not the arresting officer, and was only tasked with preparing a report (which noted it was ***not*** his probable cause determination, but Guerriero's) due to the unusual circumstance of Guerriero falling ill while on the call. Gould thus has no Fourth Amendment liability under the undisputed facts.

**B. The Alleged Mistake in Identity Does Not Support a Constitutional Claim, Let Alone One Where Qualified Immunity is Asserted as a Defense.**

Plaintiff's next effort to assign blame to Strzelecki is that he posits that Strzelecki should have known Plaintiff was unarmed, and that it was the other person on scene (with whom Gould had been fighting) that was armed. Plaintiff takes great pains to detail that there was a height disparity, and that Gould had nothing bulging out of his bathing suit.

These assertions fail to consider that officers when responding to a call have not yet undertaken any investigation. Here, Strzelecki received dispatched information that a male on scene had a gun. Strzelecki had not had any opportunity to investigate who was armed, and only observed Gould's disregard for Officer Guerriero's commands that he should not reach into his pocket. Also, dispatched information is just information relayed to officers by citizen callers that often themselves have bias or interest. As Strzelecki affirmed in his deposition and filed

Declaration, investigated calls more often turn out differently than what dispatch advised. It was not unreasonable for either officer on scene to have Plaintiff keep his hands out of his pockets on a gun call, and then detain him when he refused to. As the Motion for Summary Judgment supports on page 6, there are a bounty of authorities where simply refusing to keep hands out of his pockets on a weapon call provided ***actual probable cause to arrest*** for obstruction. Here, we are dealing with the exceedingly lower standard of ***arguable reasonable suspicion.*** As for the lack of bulge, the officers had only seen Gould from the front, and could not possibly know if he had a weapon in the rear of his waistband.

But that all aside, even if Strzelecki failed to pay due attention to competing dispatched information, or popping up computer screens while driving a car to an emergency firearm call, that would, at most, constitute a failure to use due care, which falls below the threshold necessary to show an intentional violation of the U.S. Constitution. *Ray v. Foltz*, 370 F.3d 1079, 1084 (11th Cir.2004) ("At most, their claim is that the defendants were negligent or careless in not gathering the information, or that they negligently or carelessly failed to follow Department guidelines."); *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)(qualified immunity applies regardless of whether the government official's error is a mistake of law, a mistake of fact, or a mixed question of law and fact); *McDowell v. Gonzalez*, 424 F.Supp.3d 1214, 1225 (S.D. Fla. 2019)(qualified immunity gives ample room for mistakes).

**C. Strzelecki Did Not Have Sufficient Involvement in the Arrest.**

Aside from his departure quickly after Gould's detention, Strzelecki did not have sufficient involvement in the arrest by virtue of completing paperwork for an ill officer, at the direction of a supervisor. Plaintiff relied upon *Johnson v. DeKalb Cty.*, 391 F.Supp.3d 1224, 1246 (N.D. Ga. 2019); however, in that case, Georgia's Northern District noted "where an officer is ***present during***

*an arrest* and knew that the arresting officer had no reasonable basis for arguable probable cause, the non-arresting officer could be liable under §1983 *if he was sufficiently involved."*  This does not support that an officer present during a detention, that later develops into an arrest after that officer has long-departed the scene, would be liable, or be stripped of his presumptive entitlement to qualified immunity.  Notably, in that case, the plaintiff was detained in the non-arresting officer's car, was arrested using the non-arresting officer's handcuffs, and the non-arresting officer was present at scene for the vast majority of the incident.  *Id.* at 1245.  In contrast here, Strzelecki did not cuff Gould (Guerriero did).  His handcuffs were not utilized, and his vehicle was not used to detain.  In fact, after the initial 90 seconds (where Gould was not under arrest).  To say that the authorities provide Plaintiff with no refuge would be an understatement.  They simply do not apply.  At all.

That Strzelecki was tasked by a supervisor with documenting Guerriero's basis for the arrest and probable cause does not alter the legal outcome.  Again, here we are dealing with a highly unusual fact pattern where the arresting officer had a cardiac event on scene (outside of Strzelecki's presence), and had to leave before completing the paperwork.  Strzelecki was directed by a supervisor to fill out the report in her absence, wherein he expressly stated:  *"Due to the facts above Ofc. Guerriero found probable cause to charge Mr. Gould with one count of resist officer without violence F.S.S. 842.02.  Ofc. Guerriero was unable to complete the call and I was tasked with transporting Mr. Gould to the Palm Beach County Jail."*  There is nothing Strzelecki did that led to Guerriero formulating her probable cause and arresting Gould, and the undisputed record evidence conclusively shows that Gould would have been arrested by Guerriero even if Strzelecki had not been present at the beginning of the encounter.  There is no nexus between Strzelecki's presence, his actions or any purported omissions that played a role in the outcome.

### D. Plaintiff Has Not Overcome Strzelecki's Qualified Immunity Defense.

Once a defendant shows he was acting within his discretionary authority and asserts the defense of qualified immunity, the burden shifts to the non-movant plaintiff to show a violation of clearly established law. This typically must be done through ***binding precedent***. *Corbitt v. Vickers*, 929 F.3d 1304, 1320 (11th Cir. 2019); *Gates v. Khokhar*, 884 F.3d 1290, 1297 (11th Cir. 2018)("Fair warning is mostly commonly provided by materially similar precedent from the Supreme Court, this Court, or the highest state court in which the case arose.). Here, Plaintiff has cited no authority for the proposition that an officer violates the *Fourth Amendment* and utilizes excessive force by merely unholstering a Taser. Having failed to do so, it was not clearly established at the time of this occurrence that Strzelecki unholstering his Taser and providing less-lethal cover to a fellow officer that had drawn a firearm violated the Constitution.

Plaintiff also fails to support that an officer who documents a fellow officer's arrest because that officer became physically incapable of doing so herself, violates clearly established law if the arresting officer lacked probable cause. Strzelecki's report provided accurate information, nothing was falsified, and everything was documented properly, including that Guerriero was the arresting officer who found probable cause. The issue of Strzelecki's qualified immunity is clearly settled due to the lack of any proper substantive opposition.

### E. Plaintiff Effectively Admits He Did Not Plead a Failure to Intervene Claim.

A claim premised upon failure to intervene is a distinct claim that must be sufficiently pled. See, e.g., *Detris v. Coats*, 523 Fed. App. 612, 616-17 (11th Cir. 2013)(analyzing propriety of distinct claims and counts for failure to intervene); *Lietzow v. Village of Huntley*, 2018 WL 6248911 at *5 (describing failure to intervene as a separate count/claim). Here, Plaintiff claims

that a passing reference later incorporated into a count suffices, and that if it does not, he should be permitted to amend. The passing reference is not sufficient to give Defendant notice of the claim. *U.S. v. Metro Development Corp.*, 61 F.R.D. 83 (N.D. Ga. 1973)(the principal function of pleadings is to give the adverse party fair notice of the claims against him). Plaintiff requests leave to amend; however, that deadline has long since expired.

Even if the Court were to recognize a failure to intervene claim, the undisputed evidence, and in particular the video of the subject occurrence, conclusively demonstrates that Officer Strzelecki did not violate Plaintiff's clearly established constitutional rights through any of his acts (or alleged omissions) that day, and in particular failing to intervene in Officer Guerriero's brief display of a firearm. The question to be posed is: ***what could Strzelecki reasonably have done in such a small window of time?*** That is the question Plaintiff cannot answer and has not answered. This clearly was not a prolonged beating case where these claims have been recognized. Plaintiff admits that Strzelecki "had 12 seconds to intervene" and speculates in that brief time he could have caused Guerriero to holster her firearm. Even if Guerriero drawing a weapon is deemed excessive force, the evidence demonstrates that considering her actions and their context, combined with their brevity, the notion that Strzelecki violated the Constitution by not interfering should be rejected. Particularly when assessed in the context of qualified immunity, there has never been a case – and, indeed, not even one even tangentially or remotely close – where an officer was held liable for not causing, within 12 mere seconds, another officer to re-holster a weapon. This factual situation compels that Strzelecki be afforded qualified immunity where Plaintiff has wholly failed to cite any even reasonably analogous, let alone precedential authority, that would have provided fair warning that not physically forcing a fellow officer with a gun drawn to put it back in the holster in 12 seconds violated the Constitution.

Moreover, on the arrest claim, as previously argued, "the Eleventh Circuit has taken a decidedly more circumscribed view with respect to an officer's duty to intervene in a false arrest case." *Rebalko v. City of Coral Springs*, 552 F.Supp.3d 1285, 1318 (S.D. Fla. 2020). In addition to showing a reasonable opportunity to intervene (which, here, there was none since Strzelecki was not present when Plaintiff was arrested), Plaintiff must demonstrate that the non-arrest officer (1) was present during the arrest; (2) knew that the arresting officer had no reasonable basis for probable cause; and (3) was sufficiently involved in the arrest. Again, Strzelecki was present for the very beginning (about 90 seconds) of a detention, and then departed the scene. Plaintiff does not dispute this. Plaintiff cannot overcome Strzelecki's qualified immunity on this claim either.

**F. Strzelecki Did Not Act With Malice and in Bad Faith Towards Plaintiff.**

Finally, just as Strzelecki is entitled to qualified immunity, he is decidedly also entitled to §768.28(9)(a), *Fla. Stat.,* immunity. It is inconceivable that one could watch the video of his brief encounter with Plaintiff and deem the actions malicious and in bad faith. For if this conduct overcomes the statutory immunity, the immunity may as well not exist at all. Covering a fellow officer who withdrew a firearm for 12 seconds with a less-lethal option falls far short. Similarly, completing an arrest report on a fellow officer's arrest because that officer fell ill has never been found to approach the intentionally rigorous standard required to overcome this state law immunity. Plaintiff has cited no authority supporting his position.

Strzelecki is clearly entitled to judgment as a matter of law.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of June, 2024, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system or by email to all parties. I further certify that I either mailed the foregoing document and the Notice of Electronic Filing by first class mail to any non-CM/ECF participants and/or the foregoing document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants.

JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, P.A.
***Attorneys for Defendant, Strzelecki***
2455 East Sunrise Blvd., Suite 1000
Fort Lauderdale, Florida 33304
(954) 463-0100 - Telephone
(954) 463-2444 – Facsimile
Alexander@jambg.com
Cintron@jambg.com  Andrews@jambg.com

*/s/ Scott D. Alexander*
SCOTT D. ALEXANDER
FLA. BAR NO. 057207

**SERVICE LIST**

*Counsel for Plaintiff*
**James M. Slater, Esq. (111779)**
Slater Legal, PLLC
9000 Dadeland Blvd., Suite 1500
Miami, FL 33156
Tel: 305.523.9023
james@slater.legal
alicia@slater.legal

*Co-Counsel for Plaintiff*
**Eric A. Rice, Esq.**
**Law Office of Eric A. Rice, LLC.**
1 W. Water Street, Suite 275
St. Paul, MN 55107
Tel: 651.998.9660
Fax: 651.344.0763
eric@ricedefense.com

*Counsel for Defendant, Guerriero*
**Gregory J. Morse, Esq. (0505099)**
**R.E. "Rick" King, III, Esq. (90473)**
King Morse PLLC
2240 Palm Beach Lakes Blvd., Suite 300
West Palm Beach, FL 33409
Tel: 561.651.4145 / 561.557.1079
greg@morselegal.com
rick@kingmorselaw.com
kristen@kingmorselaw.com

---

*Counsel for Defendant, Strzelecki*
**SCOTT D. ALEXANDER, ESQ. (057207)**
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, P.A.
2455 East Sunrise Blvd., Suite 1000
Fort Lauderdale, FL 33304
Tel: 954.463.0100
Fax: 954.463.2444
Alexander@jambg.com
Cintron@jambg.com Andrews@jambg.com