**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 24-80022-CV-MIDDLEBROOKS

RYAN GOULD,

    Plaintiff,

v.

BETHANY GUERRIERO, and
JOSEPH STRZELECKI,

    Defendants.
_____/

## ORDER ON MOTION TO DISMISS

THIS CAUSE comes before the Court on Defendant Bethany Guerriero's Motion to Dismiss. (DE 15). The Motion is fully briefed. (DE 18; DE 19). Plaintiff Ryan Gould brought this suit on January 10, 2024, alleging that his civil rights under the United States Constitution and Florida law were violated by Defendants' conduct. (DE 1).

On May 9, 2023, Plaintiff went for a swim at the communal pool at his apartment complex. (*Id.* at ¶11). While there, a dispute between Plaintiff and another swimmer caused Plaintiff to call 911. (*Id.* at ¶13). Plaintiff alleges he was confronted by the other swimmer's husband who displayed a firearm. (*Id.* at ¶12). Officer Valerio, not a Defendant, was the first to arrive and according to Plaintiff "easily identified" him as the 911 caller who was unarmed. (*Id.* at ¶14). The Defendant officers then arrived on the scene. (*Id.* at ¶17). As the Defendants exited their vehicles, Plaintiff was using his cell phone, which he placed in a pocket in his swimsuit. (*Id.* at ¶18). Plaintiff specifically alleges that his movement in placing his cellphone into the pocket of his swimsuit was visible to Defendant Guerriero. (*Id.* at ¶18). Plaintiff was wearing a bathing suit and did not have a shirt on. (*Id.* at ¶15).

Defendant Guerriero asked Plaintiff to keep his hands out of his pockets. (*Id.* at ¶19). Plaintiff replied that he was not the person with the gun, grabbed his cell phone, and held his arms wide out. (*Id.* at ¶¶ 20, 21). Defendant Guerriero then told Plaintiff to put his phone down. (*Id.* at ¶22). Plaintiff alleges that he complied with commands and that it was clear that he did not possess a weapon, especially as he was without a shirt and in a bathing suit. (*Id.* at ¶25). Plaintiff alleges that several seconds elapsed from the moment he grabbed his cell phone from his bathing suit before Defendant Guerriero drew her gun on Plaintiff. (*Id.* at ¶¶24, 25). Defendant Strzelecki then drew his taser and aimed it at Plaintiff. (*Id.* at ¶26). Plaintiff was ordered by Defendant Guerriero onto the pavement at gunpoint. (*Id.* at ¶27).

Plaintiff alleges he was forced to lie on the pavement, which was hot due to the weather, while shirtless. (*Id.* at ¶¶30, 31). Plaintiff further alleges that throughout the encounter Defendant Guerriero spoke angrily and disrespectfully to Plaintiff, mocked his toenail coloring, and personally insulted Plaintiff. (*Id.* at ¶¶33, 34). Plaintiff was ultimately taken into custody and transported to jail where he stood in line to be processed. (*Id.* at ¶47). Plaintiff was eventually released and told he would not be charged. (*Id.* at ¶48). Since the incident, Plaintiff alleges he has had increased fear and anxiety, no longer uses the pool, avoids public outings, and relocated to Illinois. (*Id.* at ¶50). Plaintiff alleges that he continues to suffer from mental anguish in addition to the physical pain endured during the incident. (*Id.*).

Plaintiff brings two causes of action against Defendants. Plaintiff's first cause of action is a claim of a Fourth Amendment violation under 42 U.S.C. §1983. Plaintiff's second cause of action is a claim of false imprisonment and false arrest under Florida law. In the present Motion, brought only by Defendant Guerriero, Defendant Guerriero argues that Plaintiff's Complaint should be dismissed as an impermissible shotgun pleading. (DE 15 at 3). Defendant Guerriero also argues

that Count I of Plaintiff's Complaint should be dismissed because Defendant Guerriero's alleged conduct did not violate Plaintiff's clearly established rights (thereby implicitly suggesting that dismissal is appropriate on qualified immunity grounds). (*Id.* at 2). Finally, Defendant Guerriero argues that Count II of Plaintiff's Complaint fails to allege a jurisdictional amount. (*Id.* at 5). For the reasons discussed below, Defendant Guerriero's Motion to Dismiss is denied.

**I.      STANDARD OF REVIEW**

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the allegations in a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing legal sufficiency, the Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the complaint "must … contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted) (citing *Marshall Cty. Bd. of Educ. V. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)).

When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and assume the truth of the plaintiff's factual allegations. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002); *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). However, pleadings that "are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," *Iqbal*, 556 U.S. at 678; *see also Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009)

(stating that an unwarranted deduction of fact is not considered true for purposes of determining whether a claim is legally sufficient). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). "Factual allegations must be enough to raise [the plaintiff's] right to relief above the speculative level." *Id.*

## II. DISCUSSION

### A. Shotgun Pleading

As a threshold argument, Defendant Guerriero argues that Plaintiff's Complaint should be dismissed as an impermissible shotgun pleading. Defendant Guerriero's support for this argument is that Count I of Plaintiff's Complaint alleges both excessive force and false arrest and does not separate the counts into different causes of action. Similarly, according to Defendant Guerriero, Plaintiff's Complaint comingles false arrest and false imprisonment into one cause of action. Finally, Defendant Guerriero argues that Plaintiff's pleading also fails because it brings multiple claims against multiple defendants without specifying which defendant is responsible for which act.

A shotgun pleading refers to a complaint that violates Rule 8(a)(2), which requires a plaintiff to include a "short and plain statement of the claim," or Rule 10(b), which requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P 8(a)(2), 10(b); *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has identified four categories of shotgun pleadings: (1) complaints "containing multiple counts where each count adopts the allegations of all preceding counts;" (2) complaints that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) complaints that fail to separate each cause of action or claim for relief into different counts; and (4) complaints

that assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1321–23. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

I do not find that Plaintiff's Complaint is subject to dismissal as a shotgun pleading. While Plaintiff does bring both Counts against both Defendants, this is just one element of a shotgun pleading. Moreover, Plaintiff's complaint alleges clear facts about each of the Defendant's conduct during the incident. Critically, there is no argument that Plaintiff's Complaint fails to give Defendants adequate notice of the claims against them and the grounds upon which they are based. Without this critical component of why shotgun pleadings are disfavored, I decline to grant Defendant's Motion to Dismiss on this ground.

**B.     Qualified Immunity**

In Count I of his Complaint, Plaintiff brings a claim of false arrest and excessive force under §1983 against Defendant Guerriero in her individual capacity. Defendant Guerriero argues that Count I of Plaintiff's Complaint alleges facts that do not show that her conduct violated Plaintiff's clearly established rights. (DE 15 at 3). Though she does not label it as such, Defendant Guerriero is asserting qualified immunity. Qualified immunity offers "complete protection for government officials sued in their individual capacities" if their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 733 (11th Cir. 2010) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

Courts use a two-part framework to evaluate whether qualified immunity applies. *Id.* First, Courts must ask whether the plaintiff's allegations, if true, establish a constitutional violation. *See Hope v. Pelzer*, 536 U.S. 730, 736 (2002). Second, Courts should ask whether the right violated was "clearly established." *Pearson v. Callahan*, 555 U.S. 223, 129 (2009). "Both elements of this test must be present for an official to lose qualified immunity, and this two-pronged analysis may be done in whatever order is deemed most appropriate for the case." *Brown*, 608 F.3d at 734.

Plaintiff alleges constitutional violations of excessive force and false arrest. A claim of excessive force in the context of an arrest or investigatory stop of a free citizen invokes the Fourth Amendment of the United States Constitution. *See Graham v. Connor*, 490 U.S. 386, 394 – 395 (1989). Accordingly, excessive force is analyzed under the Fourth Amendment's standard of "reasonableness" and "requires a careful balancing" of the nature and quality of the intrusion on the individual's rights against the governmental interests at stakes. *Id.* at 396. The test of reasonableness "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.*

A claim of false arrest requires that the arresting officer lacked probable cause. The existence of probable cause is an "absolute bar to a subsequent constitutional challenge to the arrest." *Id*. If arresting officers had probable cause to arrest, a plaintiff cannot establish a constitutional violation of false arrest, and qualified immunity will apply. "Probable cause exists if the totality of the circumstances known to the officers could persuade a reasonable officer that there is a 'substantial chance of criminal activity' by the person who is arrested." *Davis v. City of Apopka*, 78 F.4th 1326, 1334 (11th Cir. 2023) (quoting *District of Colombia v. Wesby*, 583 U.S.

48, 57 (2018)). Both claims of constitutional violations require a factual analysis. *See Scott v. Harris,* 550 U.S. 372, 383 (2007) ("[I]n the end we must still slosh our way through the fact bound morass of reasonableness.").

Whether the law is clearly established is an inquiry into whether the Defendant had "fair warning" that the conduct at issue violated a constitutional right. *Gaines v. Wardynski*, 871 F.3d 1203, 1208 (11th Cir. 2017). There are three ways in which a right may be clearly established:

> First, the plaintiffs may show that a materially similar case has already been decided. Second, the plaintiffs can point to a broader, clearly established principle that should control the novel facts of the situation. Finally, the conduct involved in the case may so obviously violate the constitution that prior case law is unnecessary. Under controlling law, the plaintiffs must carry their burden by looking to the law as interpreted at the time by the United States Supreme Court, the Eleventh Circuit, or the [relevant State Supreme Court].

*Id.* Most cases do not arise out of the second and third method as they often require "obvious clarity." *Id.* at 1209. For a case to be materially similar, "[a] close factual fit between the pre-existing case and the present one is essential." *Cantu v. City of Dothan, Alabama*, 974 F.3d 1217, 1232 (11th Cir. 2020). Close similarity of the facts between the cases is "especially important in the Fourth Amendment context, where the Court has recognized that it is sometimes difficult for an officer to determine how the relevant legal doctrine, here excessive force, will apply to the factual situation the officer confronts. *Id.* (internal citations omitted). Again, therefore, the second question of qualified immunity, whether the law is clearly established, also requires a close analysis of the factual situation. Defendant Guerriero raises the issue of qualified immunity now in her Motion to Dismiss, however, "qualified immunity is typically addressed at the summary judgment stage of the case[.]" *Chesser v. Sparks*, 248 F.3d 1117, 1121 (11th Cir. 2001). As qualified immunity is an affirmative defense, and Plaintiff has well plead that a gun was drawn on

him, while he was unarmed and the one who initially called the police for help, I cannot find as a matter of law at this stage in the proceedings that Defendant Guerriero is entitled to qualified immunity. These alleged facts are sufficient to create a question of reasonable force to be determined after a record of evidence is established, and the question of whether the law is clearly established is also better answered after such a record of evidence is developed. Accordingly, I will deny the Motion to Dismiss on qualified immunity grounds. If Defendant Guerriero wishes to renew this issue at the summary judgment stage, she may do so.

**F.**     **Jurisdictional Amount**

Finally, Defendant Guerriero argues that Count II of Plaintiff's Complaint fails to allege a jurisdictional amount, writing that a circuit court's subject matter jurisdiction is initially determined by the amount of damages alleged in good faith. (DE 15 at 5). It appears this argument is misplaced. Plaintiff points out that this matter is not brought in Florida circuit court and whether such a circuit court has jurisdiction is immaterial in this matter. (DE 18 at 10). Defendant Guerriero does not defend this argument in her Reply Brief. (DE 19). As Defendant Guerriero has abandoned

this argument, and because it appears to lack merit, I do not find any reason to dismiss Count II of Plaintiff's Complaint.

### III. CONCLUSION

Therefore, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss (DE 15) is **DENIED.**

**SIGNED** in Chambers at West Palm Beach, Florida on this 9th day of July, 2024.

Donald M. Middlebrooks
United States District Judge

Cc: Counsel of Record