UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 9:24-cv-80022-DMM

Ryan Gould,

    Plaintiff,

v.

Bethany Guerriero, *et ano.*,

    Defendants.

## PLAINTIFF'S OPPOSED MOTION IN LIMINE

Plaintiff Ryan Gould files this motion in limine and incorporated memorandum of law seeking entry of an order excluding the use of the post-arrest video[1] depicting Mr. Gould, which is not relevant to the matters at issue. Defendants would seek to use this video to impugn Mr. Gould and inflame the jury with matters which Defendant Strzelecki described as "abhorrent behavior." [ECF No. 32 ¶ 49]. Mr. Gould disputes that characterization, but nevertheless, the post-arrest video should be excluded.

### Memorandum of Law

It is well-settled that federal trial courts have the inherent power to make in limine evidentiary rulings pursuant to their authority to manage the course of trials. *See e.g.*, *Luce v. U.S.*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)). The general purpose of a motion in limine "is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument

---

[1] The video was conventionally filed by Defendant Strzelecki; he refers to as the "GouldVideo" in his summary judgment papers.

at, or interruption of, the trial." *Royale Green Condo. Ass'n, Inc. v. Aspen Specialty Ins. Co.*, No. 07-CIV-21404, 2009 WL 2208166 (S.D. Fla. July 24, 2009) (granting defendant's motion in limine to exclude statements of damages as prejudicial). "Irrelevant evidence is not admissible." Fed. R. Evid. 402.

A motion in limine is proper to prevent a party from introducing information to the jury that would prejudice the opposing party through the mere mention of it. *See e.g.*, *Stewart v. Hooters of Am., Inc.*, 2007 WL 1752873, at *1 (M.D. Fla. June 18, 2007) (granting motion in limine and noting "[t]he real purpose of a Motion In Limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial.") Accordingly, when evidence is clearly inadmissible, the Court should grant the motion in limine.

Here, Mr. Gould seeks an in limine ruling on one piece of evidence—the video taken of Mr. Gould after the incident. What Mr. Gould said on the video—which Defendant Strzelecki refers to as, among other things, "impugning police officers repeatedly" [ECF No. 32 ¶ 49]—has no bearing on the issues that the jury will hear at trial. Instead, the video's sole purpose would be to impermissibly turn the jury against Mr. Gould. Not only that, but the statements are simply not relevant. The video occurs after Mr. Gould is fully in custody and the officers themselves make no claim that Mr. Gould's subsequent statements had any effect on the use of force, detention, and arrest.

Defendant Strzelecki asserted in the parties' prefiling conferral that the post-arrest video is relevant because it goes to Mr. Gould's damages. Specifically, Defendant Strzelecki asserts that Mr. Gould's claim that he was in "fear for his life" is contradicted by his "spewing insults" after the arrest. Defendant Strzelecki's argument misses the mark. Mr. Gould's frustration after he was

placed in handcuffs and weapons were holstered does not have any bearing on whether he was terrified at an earlier point when he had a gun pointed in his face by Defendant Guerriero. The only conceivable use of the video is to impugn Mr. Gould at a time after the immediate danger to his life and safety subsided. Sure, Mr. Gould was not free to go at that point and remained handcuffed and in police custody, but he was not being held at gunpoint anymore. The video is simply not relevant to Mr. Gould's damages and would only be used to impugn Mr. Gould in a way to impermissibly attack him and his claim for damages.

For these reasons, the Court should grant this motion and exclude the post-arrest video from trial.

## Certificate of Good Faith Conference

Counsel for the Plaintiff has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion. Defendants oppose the relief sought herein.

Dated: July 10, 2024

Respectfully submitted,

**James M. Slater**
James M. Slater (FBN 111779)
Slater Legal PLLC
9000 Dadeland Blvd. #1500
Miami, Florida 33156
Tel. (305) 523-9023
james@slater.legal

Eric Rice (admitted *pro hac vice*)
Law Office of Eric A. Rice LLC
1 West Water Street, Suite 275
St. Paul, Minnesota 55107
Tel.: (651) 998-9660
eric@ricedefense.com

*Attorneys for Plaintiff*