UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

RYAN GOULD,

    Plaintiff,

v.

BETHANY GUERRIERO, *et ano.*,

    Defendants.

Case No. 9:24-cv-80022-DMM

**PLAINTIFF'S OPPOSING STATEMENT OF MATERIAL FACTS TO GUERRIERO'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule 56 and Local Rule 56.1(a), Plaintiff Ryan Gould responds to Defendant Bethany Guerriero's Statement of Undisputed Material Facts [ECF No. 50], as follows:

**I.  Plaintiff's Opposing Facts**

1. Disputed that Guerriero had a distinguished career. Guerriero had multiple complaints, discipline imposed, and was terminated for misconduct. [ECF No. 32-5 at 158:13-159:9].

2. Undisputed that Guerriero was employed by the Palm Beach Gardens Police Department at the time of the incident and immediately following it.

3. Undisputed that Gould got into a dispute with a person using the pool at Gould's residential facility and her husband. Undisputed that each person claimed that another was at least partially responsible for the dispute.

4. Disputed regarding the order and timing of the calls to 911. [ECF 49-1 at 3-4]. Undisputed that the husband made such claims about Gould to 911 dispatch. Disputed that

Guerriero's facts encompass the entirety to the content relayed to her by dispatch. In addition, dispatchers stated that the woman's husband had a gun in a holster in his groin area, that he displayed it to the man in the pool, and that the man with the gun was about 5'2" tall, weighed about 120 lbs., and had a beard; the dispatches indicated that the male individual at the pool who was threatened by the brandishing of the gun was in a multicolored swimsuit. [*See* ECF No. 39-1 at 00:00-2:20 (conventionally filed radio dispatch)]; *see also* Transcript of Deposition of Joseph Strzelecki [ECF No. 38-1 at 25:15–33:10]; [ECF No. 39-3 (Event Report)].

5. Disputed as to the order and timing of the calls to 911. [ECF 49-1 at 3-4]. Undisputed that Gould explained that he was threatened with a weapon and requested police to respond.

6. Undisputed that the dispatch calls stated that one of the male subjects had a firearm; disputed that it was unknown which subject had the firearm. [*See* ECF No. 39-1 at 00:00-2:20 (conventionally filed radio dispatch)]

7. Undisputed.

8. Undisputed.

9. Undisputed.

10. Disputed that Gould's towel was covering his left arm. Undisputed that Gould was wearing swim trunks and no shirt. [ECF No. 29 Valerio BWC].

11. Undisputed that Valerio did not search Gould when initially arriving to the scene.

12. Undisputed.

13. Undisputed.

14. Disputed that the officers arriving to the scene were in lawful execution of their legal duties as it is a legal conclusion. Undisputed that officers arrived in response to a transmission

1

from dispatch.

15. Undisputed.

16. Undisputed that the phrase "gun had been secured" was not uttered by Valerio or any other officer before the arrival of Guerriero and Strzelecki.

17. Disputed that Guerriero was uncertain who had the gun. Guerriero's BWC recording shows her explaining to another officer that she understood that Gould did not have a gun and that the person with the gun was elsewhere. [ECF No. 29 Guerriero BWC at 5:20]. Guerriero admitted at her deposition that she did not learn that information during her encounter with Gould and did not dispute that she knew the information before exiting her vehicle. [ECF No. 32-5 at 113:12-118:11]. Disputed that Guerriero had to determine who had the gun as she knew before getting out of her vehicle.

18. Undisputed that information relayed from dispatch may not be definitive as to what officers may encounter on a scene.

19. Disputed that officers cannot credit in any way information relayed from callers or dispatch. Undisputed that further investigation may be needed to confirm information provided by callers. Undisputed that a person's interest in inculpating another or avoiding adverse consequences themselves may cause them to make untruthful or inaccurate statements.

20. Disputed that an officer responding to a scene is generally unable to hear information provided by dispatch or that an officer's failure to listen to the information is reasonable. Disputed that an officer cannot avail themselves of information provided by dispatch to help determine who may be armed or what additional investigative steps would be reasonable.

21. Undisputed that Guerriero understood that a caller with his wife had a gun in his groin area and that Gould was the person who was threatened by the man with the gun. Disputed

that the information was speculative as officers did not receive any additional information or facts that the man with the gun was likely to move or conceal it given that he self-reported that he had the gun to dispatch.

22. Disputed that Guerriero's primary objective was to ensure whoever had the gun could not use it and to secure the firearm. Guerriero arrived after an initial officer had already been on the scene and was called to de-escalate a dispute occurring between parties at a pool.

23. Undisputed that Guerriero claims that those are the notes she saw before exiting her vehicle. Disputed that her recall is accurate or truthful as Guerriero explained to another officer at the scene that the man with the gun with a different person than Gould. [ECF No. 29 Guerriero BWC at 5:20].

24. Undisputed.

25. Disputed regarding the classification of the statement as a directive, which is a legal conclusion. Disputed factually that the request for someone to keep hands of their pockets is always a directive as Guerriero acknowledged that her first such statement was essentially a "friendly ask[.]" [ECF No. 32-5 at 57:10-13]. Disputed that guns could be concealed in bathing suit pockets or waistbands in the back as a general matter.

26. Disputed that Guerriero could not see whether Gould was concealing a gun in his swimsuit pockets. Firearms generally create a bulge in a person's clothing if concealed in a pocket. [ECF No. 38-1 at 35:22-36:1].

27. Undisputed.

28. Undisputed.

29. Disputed that Guerriero did not know that Gould was armed. Guerriero demonstrated that she understood that Gould was the unarmed person being threatened by the

3

armed person who was elsewhere and that she had that information before exiting her vehicle. [ECF No. 29 Guerriero BWC at 5:20; ECF No. 32-5 at 113:12-118:11].

30. Disputed that Gould was lawfully ordered to keep his hands out of his pockets because it is a legal conclusion. Guerriero acknowledged that it was a "friendly ask" rather than a command. [ECF No. 32-5 at 57:10-13]. Undisputed that Gould retrieved his cell phone from his right pocket.

31. Disputed.

32. Disputed because this asserts legal conclusions.

33. Disputed because this asserts legal conclusions.

34. Disputed because this asserts legal conclusions. Disputed that Guerriero's superiors agreed that there was probable cause to arrest Gould. [ECF No. 49-1 at 14, 17]. Plaintiff objects that Guerriero relies on materials that were not produced as required in discovery. Fed. R. Civ. P. 37(c)(1).

35. Disputed because this asserts a legal conclusion. Disputed that Gould violated a second command when he pulled his cell phone out of his pocket. [ECF No. 29 Guerriero BWC at 00:50].

36. Disputed because this asserts a legal conclusion. Disputed that Gould violated a second command when he pulled his cell phone out of his pocket. [ECF No. 29 Guerriero BWC at 00:50].

37. Disputed that Guerriero suspected or had reason to suspect that Gould was armed. [ECF No. 29 Guerriero BWC at 5:20; ECF No. 32-5 at 113:12-118:11]. Disputed that Guerriero could not immediately see that Gould was holding a cell phone.

38. Disputed that Gould refused to put his phone down or commenced arguing with

4

Guerriero. The incident captured on Guerriero's BWC speaks for itself. [ECF No. 29 Guerriero BWC at 00:50].

39. Disputed to the extent it asserts legal conclusions. The incident captured on Guerriero's BWC speaks for itself. [ECF No. 29 Guerriero BWC at 00:50].

40. Undisputed that Gould recognized Valerio, Guerriero, and Strzelecki as police officers. Disputed to the extent it asserts a legal conclusion about whether officers acted lawfully or pursuant to lawful duties.

41. Disputed that Gould disobeyed Guerriero's request to keep his hands out of his pocket. Gould did not recall that he heard the request and did not intentionally disobey the request. [ECF No. 32-4 at 85:9-10, 87:2-14].

42. Undisputed that Gould uttered those words.

43. Disputed because this assertion is a legal conclusion. Disputed as to the factual assumptions underlying the assertion.

44. Undisputed.

45. Disputed that Guerriero did not know that Gould was unarmed. [ECF No. 29 Guerriero BWC at 5:20; ECF No. 32-5 at 113:12-118:11]. Disputed as to Guerriero's intention when drawing her weapon on Gould as her recording shows her getting agitated with Gould and acting out of anger. [ECF No. 29 Guerriero BWC at 00:50]. Disputed that Gould was detained in handcuffs pending further investigation as no further investigation occurred and Gould was arrested and transported.

46. Undisputed.

47. Disputed that Gould was laughing or demonstrating a traumatic response. The recordings speak for themselves. Undisputed that Gould uttered that word.

48. Undisputed.

49. Disputed as to the intention of why Guerriero put Gould back onto the ground. Undisputed that Gould uttered that phrase.

50. Disputed to the extent characterizations deviate from the recordings. The recordings speak for themselves.

51. Disputed to the extent characterizations deviate from the recordings. The recordings speak for themselves.

52. Disputed to the extent characterizations deviate from the recordings. The recordings speak for themselves.

53. Disputed to the extent characterizations deviate from the recordings. The recordings speak for themselves.

54. Undisputed.

55. Disputed that Strzelecki was ordered to arrest Gould or that the arrest did not occur until later in the incident. Plaintiff objects that Guerriero relies on materials that were not produced as required in discovery. Fed. R. Civ. P. 37(c)(1).

56. Undisputed.

57. Disputed. Plaintiff objects that Guerriero relies on materials that were not produced as required in discovery. Fed. R. Civ. P. 37(c)(1).

58. Undisputed that Guerriero did not draft the probable cause affidavit. Disputed whether she reviewed it. Plaintiff objects that Guerriero relies on materials that were not produced as required in discovery. Fed. R. Civ. P. 37(c)(1).

59. Undisputed that Beath learned additional information including that there was not probable cause to arrest Gould and took measures to have Gould released from custody. Disputed

to the extent that the characterization differs from this.

60. Undisputed that Gould was not formally charged with a crime or booked.

61. Undisputed.

62. Undisputed.

63. Undisputed that Gould did not mention the hot pavement while under arrest near the pool.

## II. Plaintiff's Additional Facts

64. Gould is 6'4" tall and weighs approximately 205 lbs. [ECF No. 39-4 at Interrogatory Response No. 1].

Dated: July 25, 2024.

    Respectfully submitted,

    **James M. Slater**
    James M. Slater (FBN 111779)
    Slater Legal PLLC
    9000 Dadeland Blvd. #1500
    Miami, FL 33156
    Tel.: (305) 523-9023
    james@slater.legal

    Eric Rice (admitted *pro hac vice*)
    Law Office of Eric A. Rice LLC
    1 West Water Street, Suite 275
    St. Paul, Minnesota 55107
    Tel.: (651) 998-9660
    eric@ricedefense.com

    *Attorneys for Plaintiff*