UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Ryan Gould,

    Plaintiff,

v.

Bethany Guerriero, *et ano.*,

    Defendants.

Case No. 9:24-cv-80022-DMM

**JOINT PRETRIAL STIPULATION**

The undersigned attorneys met pursuant to Local Rule 16.1 and the Court's Pretrial Scheduling Order [ECF No. 22] to discuss the matters mentioned in the Order and Local Rules. Pursuant to that meeting, the parties provide the following information and stipulations:

**1.  A short concise statement of the case by each party in the action.**

    **a.  Plaintiff Ryan Gould:** Mr. Gould asserts that Defendants violated his rights under the Fourth Amendment and state law when they brandished their weapons on him, failed to intervene to prevent unlawful force, detained him, and ultimately arrested him without probable cause or arguable probable cause. Mr. Gould called 911 because a man at the community pool threatened him with a firearm. The radio dispatch informed officers, including Defendants, that Mr. Gould was wearing a multi-colored bathing suit and that the man with the gun was around five-feet tall and had the gun in his pants. Mr. Gould is more than six feet tall. When another officer—Michael Valerio—arrived on the scene he understood that Mr. Gould was the victim and did not possess any weapons. He left Mr. Gould, who did not match the description of the man with the gun, to speak to the man who matched the description as the man with the firearm.

Moments later, Defendants arrived on the scene in different cars. Mr. Gould went to speak to them and immediately Defendant Guerriero made a "friendly ask" to Mr. Gould to keep his hands out of his pockets. He removed his hands but kept hold of his phone. It was clear to the officers at this time that Mr. Gould did not match the description of the man with the gun and—in just a bathing suit—possessed no weapons. Notwithstanding, Guerriero brandished her firearm and pointed it at Mr. Gould. Defendant Strzelecki followed suit and pointed his Taser at Mr. Gould. Mr. Gould was detained and arrested without probable cause.

b. **Defendant Bethany Guerriero:** Officer Bethany Guerriero has been a police officer with the City of Palm Beach Gardens Police Department for nearly two decades. On May 9, 2023, Officer Guerriero responded to a firearm call involving multiple parties. In the City of Palm Beach Gardens, any call involving the use or display of a firearm is considered a high-risk call posing a serious risk to officer safety. Officer Guerriero was the second officer to arrive, and Officer Joseph Strzelecki arrived third almost simultaneously with Officer Guerriero. At the time Officers Guerriero and Strzelecki arrived, the firearm had not yet been secured and its location was unknown to Officers Guerriero and Strzelecki. The officers were uncertain as to which participant in the dispute possessed a firearm and sought to establish scene safety before commencing their investigation. They first encountered Plaintiff Ryan Gould, who fit the description of one of the combatants, at which time Officer Guerriero requested for officer safety reasons that Gould not reach into his pockets. Almost as soon as she directed him to keep his hands out of his pockets, Gould reached into his pocket, seemingly a defiant gesture intended to distress Officer Guerriero, who was already dealing with a high-risk firearm call. Officer Guerriero gave Gould a second command, this time to remove his hands from his pockets. Gould immediately became verbally combative, and withdrew an object, which turned out to be a cell

phone. Officer Guerriero twice told Gould to put his phone down, and Gould refused. At this juncture, Officer Guerriero removed her weapon and demanded that Gould go to the ground so she could secure him pending an investigation. Officer Strzelecki drew his taser as non-lethal cover support for Officer Guerriero. Gould was ultimately handcuffed and detained pending further investigation

        c.     **Defendant Joseph Strzelecki:** Officer Joseph Strzelecki was dispatched with Officer Bethany Guerriero, an officer with 20 years police seniority, to a call involving a dispute with a firearm on scene. In the City of Palm Beach Gardens, any call involving the use or display of a firearm is considered a high-risk call posing a serious risk to officer safety. Upon arrival, the officers were uncertain as to which participant in the dispute possessed a firearm, and sought to establish scene safety before commencing their investigation. They first encountered Ryan Gould, who fit the description of one of the combatants, at which time Officer Guerriero requested for officer safety reasons that Gould not reach into his pockets. Almost as soon as she directed him to keep his hands out of his pockets, Gould reached into his pocket, seemingly a defiant gesture intended to distress Officer Guerriero, who was already dealing with a high-risk call. Officer Guerriero gave Gould a second command, this time to remove his hands from his pockets. Gould immediately became verbally combative, and withdrew an object, which turned out to be a cell phone. Officer Guerriero twice told Gould to put his phone down, and Gould refused. At this juncture, Officer Guerriero removed her weapon and demanded that Gould go to the ground so she could secure him pending an investigation. Officer Strzelecki had been trained that when on the scene of a high-risk call with another officer, if that fellow officer withdraws a lethal weapon, he is obligated to provide cover with a less-lethal option. That way, if the suspect engages in conduct which requires him to be secured, but which does not support the use of deadly

3

force, a less-lethal option such as a Taser may be tried first to prevent death or serious injury to the suspect. Officer Strzelecki, consistent with that training, removed his Taser for approximately 20 seconds, but did not utilize it. Officer Guerriero handcuffed Gould for an investigatory detention, and approximately 90 seconds later, Officer Strzelecki departed from Gould's location to assist in the investigation of the other subject. Some time after he left the area, Officer Guerriero made the decision to arrest Gould for interfering with an investigation, an arrest decision that Strzelecki was not present for and played no part in. Officer Strzelecki not only did not arrest Gould, but also did not transport him to the Palm Beach Gardens Police Department. A supervisor later tasked Officer Strzelecki with taking Gould from the Police Department to the County Jail, which he was required to follow. Officer Strzelecki, however, took Gould back home before Gould was booked into the jail.

**2.    The basis of federal jurisdiction.**

Plaintiff Ryan Gould asserts claims under 42 U.S.C. § 1983 for violation of his Fourth Amendment rights. Plaintiff also asserts state-law claims. The Court has jurisdiction over this case under 28 U.S.C. § 1331, as the federal claims arise under the Constitution and laws of the United States.

**3.    The pleadings raising the issues.**

Plaintiff travels under his original complaint [ECF No. 1] and Defendant Strzelecki filed an answer in response thereto [ECF No. 8].

**4.    A list of all undisposed of motions or other matters requiring action by the Court.**

Defendants filed motions for summary judgment [ECF Nos. 31 & 49], which are fully briefed.

4

Plaintiff filed a motion in limine [ECF No. 47], which is also fully briefed.

**5.    A concise statement of uncontested facts which will require no proof at trial, with reservations, if any.**

The incident occurred at the Sabal Ridge community pool in Palm Beach County, Florida on May 9, 2023.

Plaintiff Ryan Gould was arrested on May 9, 2023.

Defendant Guerriero did not discharge her firearm.

Defendant Strzelecki did not discharge his Taser.

**6.    A statement in reasonable detail of issues of fact which remain to be litigated at trial.**

Whether Defendants engaged in any acts or omissions which caused Ryan Gould to be detained or arrested.

Whether Defendants' actions toward Ryan Gould constituted excessive force within the meaning of the Fourth Amendment or a battery under state law.

Ryan Gould asserts that whether Officer Strzelecki failed to intervene is a disputed issue of fact; however, Officer Strzelecki contends that this claim is not framed by the pleadings.

Whether Plaintiff sustained any injury or damage that was occasioned by any acts or omissions of either Defendant.

**7.    A concise statement of issues of law on which there is agreement.**

At all times material, Defendants were acting under color of law of state law within the course and scope of their employment with the City of Palm Beach Gardens.

**8.    A concise statement of issues of law which remain for determination by the Court.**

Whether Defendants' respective acts or omissions violated the Constitution.

Whether, assuming Defendants violated the Constitution with their respective acts or omissions, those constitutional rights were clearly established at the time, and therefore whether Defendants are entitled to qualified immunity.

Whether Defendants' respective acts or omissions violated state law.

Whether, assuming Defendants violated state law with their respective acts or omissions, Defendants are entitled to immunity under § 768.28(9)(a), Fla. Stat.

Whether Plaintiff is entitled to damages.

**9.      Each party's numbered list of trial exhibits, other than impeachment exhibits, with objections, if any, to each exhibit, including the basis of all objections to each document, electronically stored information and thing.**

Plaintiff's exhibit list and objections thereto is attached as **Exhibit A**.

Defendant Guerriero's exhibit list and objections thereto is attached as **Exhibit B**.

Defendant Strzelecki's exhibit list and objections thereto is attached as **Exhibit C**.

**10.     Each party's numbered list of trial witnesses, with their addresses, separately identifying those whom the party expects to present and those whom the party may call if the need arises.**

The parties' respective witness lists were already filed per the Court's Pretrial Scheduling Order [ECF No. 22]. Those lists are located at ECF Nos. 33-35.

**11.     Estimated trial time.**

The parties estimate that they would need 4-5 days for trial.

**12.     Where attorney's fees may be awarded to the prevailing party, an estimate of each party as to the maximum amount properly allowable.**

There is no cap on attorneys' fees for Plaintiff's federal claims, so long as the fees requested are properly allowable pursuant to 42 U.S.C. § 1988 and otherwise reasonable and compensable according to the Eleventh Circuit's decisional authority. Defendants would only be entitled to prevailing party attorneys' fees upon a finding that Plaintiff's claims were frivolous.

Dated: August 12, 2024.

Respectfully submitted,

**James M. Slater**
James M. Slater (FBN 111779)
Slater Legal PLLC
113 S. Monroe Street
Tallahassee, FL 32301
Tel. (305) 523-9023
james@slater.legal

**Eric A. Rice**
Eric A. Rice (admitted *pro hac vice*)
Law Office of Eric A. Rice, LLC
1 W. Water Street, Suite 275
St. Paul, Minnesota 55107
Tel. (651) 998-9660
eric@ricedefense.com

*Attorneys for Plaintiff*

**Scott D. Alexander**
Scott D. Alexander (FBN 057207)
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, P.A.
2455 East Sunrise Blvd., Suite 1000
Fort Lauderdale, FL 33304
Tel: 954.463.0100
Fax: 954.463.2444
alexander@jambg.com

*Attorneys for Defendant Strzelecki*

**Gregory J. Morse**
Gregory J. Morse (FBN 0505099)
King | Morse, P.L.L.C.
2240 Palm Beach Lakes Blvd., 300
West Palm Beach, FL 33409
Tel. (561) 557-1079
greg@morselegal.com

*Attorneys for Defendant Guerriero*