UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-80022-DMM

RYAN GOULD,

    Plaintiff,

vs.

BETHANY GUERRIERO, and
JOSEPH STRZELECKI,

    Defendants.
_____/

**DEFENDANT, BETHANY GUERRIERO'S EXHIBIT LIST**

COMES NOW, the Defendant, Bethany Guerriero, by and through his undersigned counsel, and submits the following exhibit list:

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| D-1 | Body worn camera (BWC) Officer from Michael Valerio | | | | |
| D-2 | BWC from Officer Bethany Guerriero | | | | |
| D-3 | BWC from Officer Joseph Strzelecki | | | | |
| D-4 | BWC from Officer Robert Ayala | | | | |
| D-5 | BWC from Officer Reuben Carter | | | | |
| D-6 | BWC from Officer Kellen Stairs | | | | |
| D-7 | Sable Ridge Pool and parking lot surveillance video | | | | |
| D-8 | 911 calls audio | | | | |
| D-9 | CAD report | | | | |
| D-10 | Palm Beach Gardens Police Department Internal Affairs Investigation: | | | | |

| Exhibit Number | Description | Bates Range / Other Source | Objections and Reasons | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | Memoranda, Executive Summary Reports, and Recorded Interviews | | | | |
| D-11 | Guerriero Arbitration Order | | | | |

Respectfully submitted,

*/s/ Gregory J. Morse*                    and                    */s/ R.E. "Rick" King, III*
Gregory J. Morse, Esq.                                               R.E. "Rick" King, III, Esq.
King | Morse, PLLC                                                    King | Morse, PLLC
2240 Palm Beach Lakes Blvd.                                   2240 Palm Beach Lakes Blvd.
Suite 300                                                                      Suite 300
West Palm Beach, FL 33409                                     West Palm Beach, FL 33409
T: (561) 651-4145                                                        T: (561) 557-1079
E-mail: greg@kingmorselaw.com                           E-mail: rick@kingmorselaw.com
FL Bar No.: 0505099                                                   FL Bar No.: 90473

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served electronically on all counsels of record as set forth below this 8th day of August 2024.

James Murray Slater, Esq.
Slater Legal, PLLC
PO Box 522
Tallahassee, FL 32302
T: (305) 523-9023
E-mail: james@slater.legal
Counsel for Plaintiff

Eric A. Rice, Esq.
Eric A. Rice, LLC
1 W. Water Street, Suite 275
St. Paul, MN 55107
T: (651) 998-9660
E-mail: eric@ricedefense.com
Counsel for Plaintiff

Scott David Alexander, Esq.
Johnson, Anselmo, Murdoch, Burke, Piper & McDuff
2455 E. Sunrise Blvd., Suite 1000
PO Box 030220
Ft. Lauderdale, FL 33304
T: (954) 463-0100
E-mail: alexander@jambg.com
Counsel for Defendant Strzelecki

/s/ Gregory J. Morse
Gregory J. Morse, Esq.
King | Morse, PLLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:24-cv-80022-DMM

RYAN GOULD,

    Plaintiff,

v.

BETHANY GUERRIIERO, *et ano.*,

    Defendants.

### PLAINTIFF'S OBJECTIONS TO DEFENDANT GUERRIERO'S EXHIBIT LIST

Plaintiff Ryan Gould, through his undersigned counsel, objects to Defendant Bethany Guerriero's Exhibit List as follows:

**Exhibit D-11: Guerriero Arbitration Order**

Objections: I, R, H, UP, Rule 26/37 Violations

The subject arbitration order, which was never produced in litigation, consists of summaries of evidence and testimony in Defendant Bethany Guerriero's arbitration proceedings to seek reinstatement as a police officer with the City of Palm Beach Gardens. The order—which determines whether Defendant Guerriero violated administrative policies and regulations—is not relevant to this proceeding, contains inadmissible content (improper opinion evidence, determinations of ultimate issues, legal conclusions, credibility/vouching evidence, etc.), consists of hearsay and double-hearsay, and is unduly prejudicial because it—which orders her reinstatement onto the police force—would confuse the issues in this case and would unduly prejudice the Plaintiff by suggesting to the jury that Defendant Guerriero should not be liable in this case because of her reinstatement in that proceeding. Further, because neither this arbitration order—nor any material in the arbitration proceeding—was turned over to Plaintiff in this case, as a separate ground for objection, Defendant Guerriero should not be permitted to introduce this document, any other documents from the arbitration, or make any reference those proceedings or its outcome under Rules 26 and 37 (as well as the foregoing Rules of Evidence).

Dated: August 8, 2024.

        Respectfully submitted,

        **James M. Slater**
        James M. Slater (FBN 111779)
        Slater Legal PLLC
        9000 Dadeland Blvd. #1500
        Miami, FL 33156
        Tel.: (305) 523-9023
        james@slater.legal

        Eric Rice (admitted *pro hac vice*)
        Law Office of Eric A. Rice LLC
        1 West Water Street, Suite 275
        St. Paul, Minnesota 55107
        Tel.: (651) 998-9660
        eric@ricedefense.com

        *Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-80022-DMM

RYAN GOULD,
    Plaintiff,

vs.

BETHANY GUERRIERO, and
JOSEPH STRZELECKI,
    Defendants

### DEFENDANT BETHANY GUERRIERO'S RESPONSE IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO THE DEFENDANT'S EXHIBIT LIST

COMES NOW, the Defendant, BETHANY GUERRIERO (hereinafter "Officer Guerriero"), by and through her undersigned counsels, and respectfully files this Response in Opposition to the Plaintiff's objection to Officer Guerriero's trial exhibit number D-11 (arbitration order):

This is a section 1983 action. An internal affairs action was initiated by Officer Guerriero's employer, the City of Palm Beach Gardens Police Department ("PBGPD") and the City of Palm Beach Gardens (City"), by the Plaintiffs Complaint to the PBGPD and the City for what he perceived as improper and illegal behavior by officers, which are based on the exact same facts that form the basis of case at bar.

Initially, the City terminated Officer Guerriero's employment with the PBGPD as part of the IA investigation.

Officer Guerrerio challenged her termination and, ultimately, the City and Officer Guerriero went to Arbitration on April 16, 2024. A transcript of the arbitration proceedings was provided to all parties (transcript attached to **DE 49-2 and 49-3**).

Post filing of the parties' summary judgment motions and responses/replies, on July 22, 2024, the arbitration order was issued and the Arbitrator found that Officer Guerriero was

1

wrongfully terminated and ordered her to be reinstated as a sworn police officer with the PBGPD. This order was provided to all parties.

The arbitration proceedings and the arbitrator's ruling are all apart of the PBGPD's and the City's IA investigation into Officer Guerriero's interaction with Plaintiff.

In her response to the Plaintiff's *First Request to Produce* and in Officer Guerriero's Rule 26 disclosures, all parties were noticed of the IA investigative records and that they were in the possession of the records custodian at the PBGPD. In fact, the Plaintiff listed the IA investigative file in section II, number 6 of his Rule 26 disclosures and as an exhibit on his trial exhibit list. Consequently, all parties, including the Plaintiff, could have received this information with a request to the PBGPD when it became available.

It is not surprising that the Plaintiff is objecting to the arbitration order that establishes that Officer Guerrerio was wrongfully terminated for the incident that forms the basis of the Complaint in this action and that she was reinstated as a sworn Police Officer. The Order is relevant and admissible for that fact alone, since Plaintiff is heavily relying on the fact that Officer Guerriero was terminated due to her interaction with Plaintiff.

Under our evidentiary rules, any evidence tending to make Plaintiff's claims less plausible are relevant and admissible unless another rule requires exclusion. Arch Spec. Ins. Co. v. Balzebre, No. 10-23775-Civ-Cooke, 2013 WL 120655533, Order on Motions in Limine (S.D. Fla., January 16, 2013).

**CERTIFICATE OF SERVICE**

I hereby certify that on August 12, 2024, I electronically served the foregoing Response to all counsels of record via electronic mail.

| | |
|---|---|
| /s/ Ralph E. King III | /s/ Gregory J. Morse |
| Ralph E. King III. Esq. | Gregory J. Morse, Esq. |
| King | Morse, P.L.L.C. | King | Morse, P.L.L.C. |

| | | |
|---|---|---|
| 2240 Palm Beach Lakes Blvd., 300<br>West Palm Beach, FL 33409<br>(561) 557-1079<br>E-Mail: Rick@kingmorselaw.com<br>         Kristen@kingmorselaw.com<br>Florida Bar No.: 0090473<br>Attorney for Def. B. Guerriero | & | 2240 Palm Bch lakes Blvd., 300<br>West Palm Beach, FL 33409<br>(561) 651-4145<br>E-Mail: greg@morselegal.com<br>         tiffany@morselegal.com<br>Florida Bar No.: 0505099<br>Attorney for Def. B. Guerriero |

3