UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-80022-DMM

RYAN GOULD,

    Plaintiff,

vs.

BETHANY GUERRIERO, and
JOSEPH STRZELECKI,

    Defendants.
_____/

**DEFENDANT, BETHANY GUERRIERO MOTION
FOR ENTITLEMENT TO ATTORNEY'S FEES**

Defendant, BETHANY GUERRIERO, by and through his undersigned counsel, pursuant to 42 U.S.C. §1988, moves for the entry of an Order entitling Guerriero to attorney's fees for defending this action, and states:

1. On August 29, 2024, this Court granted final summary judgment **[DE 56]** and entered a Final Judgment **[DE 57]** in favor of Defendant, Guerriero. The Plaintiff filed a notice of appeal.

2. In ruling on the MSJs, this Court relied on the Defendants' BWCs and footage from a surveillance camera of the encounter **[DE 56 fn 1]**. On the claim for False Arrest, this court found that it was unclear whether Plaintiff was subjected to arrest, but even so, probable cause existed. The court needed not reach the issue of the lesser *arguable probable cause* standard since Plaintiff committed the offense for which he was charged.

3. Additionally, the Court found that Guerriero did not use "excessive force" and, even if she did, qualified immunity would apply as a matter of law **[DE 56 pg. 6]**.

1

4.	It has been clear since the outset of this case and fortified in this Court's Order on Motion for Summary Judgment, that Guerriero should have never been sued in this case. The videos of the encounter the Court wholly relied on to grant the Defendants' MSJs was known to Plaintiff prior to filing his lawsuit. This is one of those cases where fees should be awarded to a prevailing defendant.

5.	The Plaintiff objects to this motion.

6.	The parties have agreed to stay this motion pending the outcome of the appeal. A separate joint motion to stay has been filed by the parties.

## **MEMORANDUM OF LAW**

Pursuant to 42 U.S.C. §1988, a district court may award attorney's fees to a prevailing defendant. The Supreme Court has held that the proper criteria for such an award is through a determination that the action was unreasonable, frivolous or groundless, either at filing or at some point in the litigation. *Hughes v. Rowe*, 449 U.S. 5 (1980)(quoting, *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)). A prevailing defendant is not required to show bad faith, subjective or objective, on the part of the plaintiff in order to recover. *Hamer c. County of Lake*, 819 F.2d 1362, 1366 (7th Cir. 1987). Instead, all that must be shown is that the action was "so lacking in arguable merit as to be groundless or without foundation." *Sullivan v. School Bd. of Pinellas County*, 773 F.2d 1182, 1189 (11th Cir. 1985).

In the case at bar, not only did the BWC videos, which Plaintiff had prior to filing suit, clearly show the Plaintiff's claims were meritless as a matter of law, but, as the case developed through discovery (depositions, PBGPD IA investigative documents, etc.), it became clearer to Plaintiff that his claims were without merit. Additionally, Plaintiff knew that he did not suffer any injuries that a lawsuit of this type would redress.

2

Based upon the above, this case meets the *Christianburg Garment* standard for awarding prevailing defendant attorney's fees. Alternatively, fees may and should be awarded pursuant to §28 U.S.C. §1927 since bringing suit against Guerriero improperly multiplied the proceedings, which were meritless based on the facts known to Plaintiff when he filed suit.

WHEREFORE, the Defendant, BETHANY GUERRIERO, moves for entitlement to fees. Undersigned counsel's hereby CERTIFIES that they attempted in good faith to resolve the issues by agreement pursuant to local rule 7.3(b).

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2024, I electronically filed the foregoing Motion for Fees with the Clerk of the Court using CM/ECF and served it this day on all parties/counsels of record through the CM/ECF efile system.

| /s/ Ralph E. King III | /s/ Gregory J. Morse |
|---|---|
| Ralph E. King III. Esq. | Gregory J. Morse, Esq. |
| King \| Morse, P.L.L.C. | King \| Morse, P.L.L.C. |
| 2240 Palm Beach Lakes Blvd., 300 | 2240 Palm Bch lakes Blvd., 300 |
| West Palm Beach, FL 33409 | West Palm Beach, FL 33409 |
| (561) 557-1079 | (561) 651-4145 |
| E-Mail: Rick@kingmorselaw.com | E-Mail: greg@morselegal.com |
| Kristen@kingmorselaw.com | tiffany@morselegal.com |
| Florida Bar No.: 0090473 | Florida Bar No.: 0505099 |
| Attorney for Def. B. Guerriero | Attorney for Def. B. Guerriero |