**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 24-80022-CV-MIDDLEBROOKS

RYAN GOULD,

    Plaintiff,

v.

BETHANY GUERRIERO, and
JOSEPH STRZELECKI,

    Defendants.

_____/

## ORDER ON JOINT MOTION TO STAY AND DEFENDANT GUERRIERO'S MOTION TO TAX COSTS AND MOTION FOR ATTORNEY FEES

**THIS CAUSE** is before the Court on the Parties' Joint Motion to Stay Defendant, Bethany Guerriero's Motion to Tax Costs and Motion for Attorney Fees, Defendant Guerriero's Motion to Tax Costs, and Defendant Guerriero's Motion for Attorney Fees. (DE 61; DE 62; DE 63). As these motions concern substantially similar matters, I consider them together.

This case concerns a civil rights claim under §§ 1983 and 1988. Plaintiff initiated this action on January 1, 2024. (DE 1). On July 11, 2024, both Defendants moved for summary judgment. (DE 49; DE 50). I granted these motions on August 29, 2024, and entered Final Judgment for Defendants. (DE 56; DE 57). Plaintiff filed a Notice of Appeal on August 30, 2024. (DE 58). Defendant Guerriero subsequently filed two post-judgment motions, one a Motion to Tax Costs, the other a Motion for Attorney Fees. (DE 61; DE 62). Plaintiff does not oppose the Motion to Tax Costs, but does contest the Motion for Attorney Fees. The Parties now move to stay Defendant Guerriero's Motions pending resolution of Plaintiff's appeal before the Eleventh Circuit. (DE 63).

1

I decline to stay Defendant Guerriero's Motions, as these Motions were filed pursuant to Federal Rule of Procedure 54(d), and are therefore properly before this court. The Parties contend that such post-judgment relief ought to be decided after the resolution of the appeal currently pending before the Eleventh Circuit. (DE 63). Although it is true that the Eleventh Circuit's decision may impact the post-judgment relief requested, it is unclear when a decision will be reached, and so I find it more prudent at this time to ensure Defendant Guerriero's Motions are fully briefed and decided expeditiously. Should the outcome of Plaintiff's appeal alter the Parties' rights to post-judgment relief, the Parties may file an appropriate motion, and I will take action to modify my orders, as needed, when the Eleventh Circuit's decision is rendered.

Moreover, as Defendant Guerriero's Motion to Tax Costs is unopposed and reasonable, I will grant the relief requested. Defendant Guerriero seek taxable costs in the amount of $2530.70, pursuant to Federal Rule of Civil Procedure 54(d), 28 U.S.C. § 1920, and Local Rule 7.3. (DE 61). Rule 54(d)(1) provides that "[u]nless a federal statute, these rules or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Here, pursuant to my entry of Final Judgment, Defendant Guerriero is a prevailing party, and is thereby entitled to taxable costs. (DE 57).

Accordingly, it is **ORDERED AND ADJUDGED** that:

1) The Joint Motion to Stay Defendant, Bethany Guerriero's Motion to Tax Costs and Motion for Attorney Fees (DE 63) is **DENIED**.

2) Defendant Guerriero's Motion to Tax Costs (DE 61) is **GRANTED**. Defendant Guerriero is entitled to reasonable costs incurred defending against Plaintiff's claim, and may recover the requested amount of $2530.70 from Plaintiff.

3) Plaintiff shall file its Response, if any, in opposition to Defendant Guerriero's Motion for Attorney Fees on or by **September 26, 2024**.

**SIGNED** in Chambers at West Palm Beach Florida, this /9th day of September, 2024.

Donald M. Middlebrooks
United States District Judge

CC:

Counsel of Record