UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 9:24-cv-80022-DMM

Ryan Gould,

      Plaintiff,

v.

Bethany Guerriero, *et ano.*,

      Defendants.

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT
BETHANY GUERRIERO'S MOTION FOR ATTORNEY'S FEES**

Plaintiff Ryan Gould opposes Defendant Bethany Guerriero's motion for attorney's fees on three bases. First, Guerriero failed to comply with Local Rule 7.3 because she did not state the amount she seeks in attorney's fees, disclose any fee agreement, substantiate any hours sought in any way, and the motion was not verified. Second, Guerriero is wrong that she has met her heavy burden in demonstrating under the *Christiansburg Garment* standard that Gould's lawsuit was frivolous or groundless. Third, she provides no support for why the Court should impose the sanction of attorney's fees against counsel under section 1927. As grounds, Plaintiff states:

1.     Gould filed this lawsuit surrounding the events that occurred at the Sabal Ridge community pool in May 2023 involving Officers Guerriero and Strzelecki. [ECF No. 1]. The parties have extensively briefed those facts, which the Court summarized in its Order on Motion for Summary Judgment. [ECF No. 56].

2.     Following those events, Guerriero was terminated as a police officer with the City of Palm Beach Gardens following an internal affairs investigation. [ECF No. 49-1].

3.      As part of that investigation, Guerriero's fellow officers were interviewed. Based on their training and experience, they believed that there was no basis to charge Gould with a crime. [*See, e.g.*, *id.* at 14 (interview with Sgt. Glass), 17 (interview with Sgt. Beath)]. Those superior officers noted that although Gould had reached into his pockets, he was not seen as being "non-compliant." [*Id.* at 14 (interview with Sgt. Glass)]. Because "something wasn't sitting right" with these officers following Guerriero's version of events on scene, they reviewed the surveillance footage and ultimately decided that Gould should be "made whole" and "brought home from the jail." [*Id.* at 13–14].

4.      Gould sued Officers Guerriero and Strzelecki for claims under the Fourth Amendment and Florida law involving the force those officers used, their stop and seizure of Gould, his arrest and for Officer Strzelecki's failure to intervene. [ECF No. 1].

5.      Guerriero sought to dismiss the lawsuit, arguing that Gould did not state a claim and that qualified immunity precluded the relief he sought, among other things. [ECF No. 15]. The Court determined that it "c[ould not] find as a matter of law at this stage in the proceedings that Defendant Guerriero is entitled to qualified immunity. These alleged facts are sufficient to create a question of reasonable force to be determined after a record of evidence is established, and the question of whether the law is clearly established is also better answered after such a record of evidence is developed." [ECF No. 45 at 8].

6.      Following summary judgment briefing, the Court ruled in favor of Defendants on all of Gould's claims. [ECF No. 56]. Gould is appealing that decision. [ECF No. 58].

7.      Following the entry of final judgment on August 29, 2024 [ECF No. 57], Guerriero filed a threadbare motion for entitlement to attorney's fees [ECF No. 62], in which she argues that she should be entitled to fees as a prevailing party under the *Christianburg Garment* standard and

as a sanction under section 1927. The motion only seeks a determination of entitlement and provides no support for any amount of fees to be awarded.

<u>**Argument**</u>

**I.      The Court should deny Guerriero's motion for failure to comply with Local Rule 7.3.**

The Local Rules of this Court set out in exacting detail what a movant must do to seek attorney's fees in cases in the Southern District of Florida. Those rules require meaningful conferral on both entitlement and amount and the filing of a motion that identifies not only the basis for entitlement to fees but also supporting verified information regarding the amount sought. *See* L.R. 7.3(a), (b). But Guerriero only did part of what the rules require. She asked for Gould's position on entitlement but never provided any information about the amount of fees she seeks or any basis for such amount. *See Murray v. Playmaker Servs., LLC.*, 2007 WL 4563483, at *1 (S.D. Fla. Dec. 19, 2007) ("Defendants correctly note that Local Rule 7.3 requires that a motion for fees address both entitlement and amount.") (declining to bifurcate entitlement and amount).

Guerriero's noncompliance with Local Rule 7.3 is "sufficient reason to deny" her motion. *See Koppelman v. Galt Olcean Manor Condo. Ass'n, Inc.*, 2017 WL 7411025, at *3 (S.D. Fla. Dec. 1, 2017), R&R adopted, 2017 WL 7411184 (S.D. Fla. Dec. 21, 2017) (quoting *Norych v. Admiral Ins. Co.*, 2010 WL 2557502, at *2 (S.D. Fla. June 23, 2010) (denying motion for attorney's fees "because [movant] failed to comply with Local Rules 7.3(a)(1) and 7.3(b)"); *see also J.B. Hunt Transp., Inc. v. S & D Transp., Inc.*, 589 Fed.Appx. 930, 933 (11th Cir. 2014) ("Because the district court held that J.B. Hunt failed to comply with Local Rule 7.3, which constituted an independently sufficient basis to deny J.B. Hunt's motions, we affirm."). The Court should do so.

**II.      The Court should deny Guerriero's motion under section 1988 because Gould's lawsuit was not frivolous.**

Should the Court consider Guerriero's defective motion on the merits, it should resolve that prevailing party fees are not available in this case.

A prevailing defendant can only recover attorney's fees under 42 U.S.C. § 1988 if "the District Court finds 'that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'" *Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (quoting *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412 (1978); *see also Sullivan v. School Bd. of Pinellas County*, 773 F.2d 1182, 1188 (11th Cir. 1985) (prevailing defendant in a section 1983 action may be awarded attorney's fees, at the discretion of the District Court, upon a finding that plaintiff's action was frivolous). In determining whether a plaintiff's claim is frivolous, the Supreme Court has urged lower courts to "resist understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. *Christiansburg Garment Co*., 434 U.S. at 421–22. "Even weak and speculative cases are insufficient grounds to award attorney's fees." *Access for the Disabled, Inc. v. First Resort, Inc*., 2012 WL 5033418, at *2 (M.D. Fla. Oct. 17, 2012) (citing *Lawver v. Hillcrest Hospice, Inc.*, 300 Fed. Appx. 768, 774 (11th Cir. 2008)).

The Eleventh Circuit has identified several nonexhaustive factors that a trial court may consider when determining whether a case is frivolous: (1) whether the plaintiff established a prima facie case; (2) whether defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits. *Sullivan*, 773 F.2d at 1189. Whether a claim is frivolous is determined on a case-by-case basis. *Id.* In cases in which the Eleventh Circuit has "sustained findings of frivolity, plaintiffs have typically failed to 'introduce any evidence to support their claims.'" *Cordoba v. Dillard's, Inc*., 419 F.3d 1169 (11th Cir. 2005) (quoting *Sullivan*, 773 F.2d at 1189); *Patsalides v. City of Fort Pierce*, 2017 WL 10402990, at *2 (S.D. Fla.

Sept. 29, 2017), R&R adopted, 2018 WL 4963241 (S.D. Fla. Feb. 22, 2018) ("It is clear from the caselaw, however, that a court generally will not view a case as frivolous, unfounded or unreasonable if a plaintiff introduces at least some evidence to support the claims.").

When considering whether the plaintiff had put forward at least some evidence to support the claims, the trial court "must view the evidence in the light most favorable to the non-prevailing plaintiff in making this decision." *Patsalides*, 2017 WL 10402990, at *2 (citing *Johnson v. Florida*, 348 F.3d 1334, 1354 (11th Cir. 2003)); *Dulaney v. Miami-Dade Cnty.*, 2011 WL 6754074, at *3 (S.D. Fla. Dec. 22, 2011) (declining to award fees to a prevailing defendant where "in viewing the evidence in a light most favorable to the plaintiff," the plaintiff had introduced some evidence in support of the claim). Here, considering the evidence in the light most favorable to Gould, the Court should decline Guerriero's request for an award of attorney's fees.

### A. Guerriero has not met her burden to demonstrate that Gould had not established a prima facie case.

Guerriero asserts in her motion "that Guerriero should have never been sued in this case." [ECF No. 62 at 2]. That "not only did the [bodyworn camera] videos, which Plaintiff had prior to filing suit, clearly show the Plaintiff's claims were meritless as a matter of law, but, as the case developed through discovery (depositions, [internal affairs] investigative documents, etc.), it became clearer to Plaintiff that his claims were without merit." [*Id.*]. But that simply is not correct.

Although the Court found in favor of Guerriero at summary judgment, it cannot be said that Gould did not introduce some evidence to support his prima facie case. *Dulaney*, 2011 WL 6754074, at *3; *Patsalides*, 2017 WL 10402990, at *2; *Sullivan*, 773 F.2d at 1189. Here, Gould produced evidence that there were two 911 calls, which described Gould and the assailant with different descriptions (the one with the gun was 5'2", the victim was over 6'; the one with the gun had it in his groin; the victim was in a multicolored bathing suit), and that the information provided

was broadcast over dispatch to the officers. [ECF No. 39-1 at 00:00-2:20 (conventionally filed radio dispatch)]; [ECF No. 38-1 at 25:15–33:10]; [ECF No. 39-3]. The scene, captured on camera, speaks for itself, but the parties disputed whether Guerriero had in fact made a command to Gould when she arrived on scene. [ECF No. 38-1 at 29:16–33:2; 133:6-9]. Gould also produced evidence that Guerriero had knowledge that Gould was unarmed before she drew her gun, negating any need for use of force against Gould and supporting that Gould did not obstruct the officers when he grabbed his cell phone from his pocket. [ECF No. 32-5 at 110:22-115:16]. Ultimately, Gould was handcuffed and taken to processing, but Guerriero's fellow officers reviewed the footage from the surveillance system and decided that she did not have probable cause to arrest him. [*See* ECF No. 49-1 at 14 (interview with Sgt. Glass), 17 (interview with Sgt. Beath)]. Guerriero's fellow officers disputed that he was "noncompliant." [*Id.*].

On these bases, Gould sued Guerriero for excessive force and unlawful seizure/false arrest claims under the Fourth Amendment.[1] Contrary to Guerriero's position that discovery—including the internal affairs investigation which resulted in Guerriero's termination as a result of this incident—made Gould's case worse, the evidence bore out that at least some Guerriero's superior officers did not believe there was probable cause to arrest him nor did they believe that he was noncompliant. Gould asserted a claim for excessive force, based on Eleventh Circuit caselaw that provides that an officer's display of a weapon and threat of force is unreasonable when not necessary based on the nature of the stop. *Croom v. Balkwill*, 645 F.3d 1240, 1252 n.17 (11th Cir. 2011). Even if the injuries were *de minimis*, there is caselaw that supports that *de minimis* force in certain contexts is actionable. *Slicker v. Jackson*, 215 F.3d 1225, 1233 (11th Cir. 2000); *Saunders*

---

[1] This analysis centers on Gould's constitutional claims under section 1983, as Guerriero's request for attorney's fees under section 1988 would not apply to his state-law claims. As for her request under section 1927, Guerriero makes no showing, and therefore fails to carry her burden, as to why any of Gould's claims are frivolous or that his counsel acted in bad faith in bringing or pursuing those claims.

*v. Duke*, 766 F.3d 1262, 1269-70 (11th Cir. 2014). These theories were raised in Gould's opposition papers at the summary judgment stage [ECF No. 41 at 12–14]. Although the Court ultimately determined that Guerriero's conduct did not rise to the level of a constitutional violation, it cannot be said that he did not put forward some evidence of one. And moreover, the Court's determination at summary judgment ultimately considered that even if there were a triable issue of fact on Gould's excessive force claims that qualified immunity precluded recovery. [ECF No. 56 at 8]. This is after the Court denied a motion to dismiss Gould's claims on these very issues.

As for the unlawful seizure and false arrest claims, the Court determined that the evidence supported probable cause to arrest Gould for obstruction. [*Id.* at 12]. But Gould has put forward at least *some* evidence that there was no probable cause for such an arrest. Guerriero was terminated after an internal affairs investigation in which her superior officers believed there was no probable cause to arrest Gould for obstruction. And Gould provided evidence of facts on the scene that could support that Guerriero knew that Gould was not the assailant with the gun. Viewing the evidence Gould put forward in the light most favorable to him, the Court should conclude that he has at least put forward *some* evidence to support his prima facie case as to the Fourth Amendment claims he asserted. Guerriero's failure to articulate exactly how Gould failed to put forward some evidence of his prima facie case should doom her motion on this *Sullivan* factor. Her failure to offer anything more than conclusory statements is insufficient to carry her burden to demonstrate that Gould presented <u>no evidence</u> to support his prima facie case.

### B.  Guerriero offered to settle this case at mediation.

The next *Sullivan* factor, which Guerriero does not address in her motion, is whether the prevailing defendant offered to resolve the case. *Bates v. Islamorada, Vill. Of Islands*, 2007 WL 2113586, at *3 (S.D. Fla. July 23, 2007) (the question is whether the prevailing defendant made

an offer to settle).

Because Guerriero did not raise this issue in her motion, the Court should find that she has not met her burden on it. To the extent the Court determines otherwise, Gould asserts this factor should weigh in his favor because Gould and Guerriero negotiated to resolve this case at mediation, and ultimately did not resolve this case because they could not reach an agreement on a nonmonetary aspect of resolution (the parties had agreed on the monetary aspect). *McKenzie v. EAP Mgmt. Corp.,* 1999 WL 1427707, at *2 (S.D. Fla. Sept. 30, 1999) (declining to award fees because, even though the claims were dismissed before trial, the defendants had offered to settle the case).

To the extent the Court requires the specific details of the mediation, which Gould does not put in this motion because of the mediation privilege, Gould would ask that the Court permit him to provide supplemental information on the contours of the parties' settlement negotiations and the basis for those offers—as Guerriero was not an officer at the time of mediation (she has since been reinstated) and the City has refused to indemnify her.

### C.   Summary judgment does not automatically entitle Guerriero to fees.

The last *Sullivan* factor is whether the defendant prevailed at or before trial. Obtaining summary judgment does not automatically entitle a defendant to fees. *See, e.g., Baker v. Alderman,* 158 F.3d 516, 524 (11th Cir. 1998); *O'Neal v. DeKalb County, Ga.,* 850 F.2d 653, 658 (11th Cir. 1988). In such circumstances, an award of attorney's fees is not appropriate if "the case were difficult" or if the claims were "meritorious enough to receive careful attention and review." *Busby v. City of Orlando*, 931 F.2d 764, 787 (11th Cir.1991); *Walker v. Nationsbank of Fla., N.A*., 53 F.3d 1548, 1559 (11th Cir. 1995). As the Supreme Court stated in *Rowe*, "Even those allegations that were properly dismissed for failure to state a claim deserved and received the careful

consideration of both the District Court and the Court of Appeals. Allegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, 'groundless' or 'without foundation' as required by *Christiansburg.*" 449 U.S. at 15–16, 101 S.Ct. at 179. Although the Court ultimately disagreed with Gould's arguments at summary judgment, the Court carefully considered the parties' arguments and issues in its summary judgment order. On that basis, Gould would argue that this factor weighs against a determination of entitlement to fees.

In sum, Guerriero has failed to meet her burden to demonstrate that Gould's claims were frivolous. Her conclusory statements are insufficient, and even so Gould has demonstrated that the factors weigh against her entitlement to fees. The motion should be denied.

**III.    Guerriero's request for attorney's fees under section 1927 is without merit.**

Finally, Guerriero argues that the Court should impose the sanction of an award of attorney's fees under 28 U.S.C. § 1927 because "bringing suit against Guerriero improperly multiplied the proceedings, which were meritless based on the facts known to Plaintiff when he filed suit." [ECF No. 62 at 3].

The purpose of section 1927 is to deter frivolous litigation and abusive practices by attorneys and to ensure that those who create unnecessary costs bear them. *O'Rear v. American Family Life Assurance Co. of Columbus, Inc.,* 144 F.R.D. 410, 413 (M.D. Fla. 1992). It permits Courts to impose the sanction of fee-shifting against attorneys who "multipl[y] the proceedings in any case unreasonably and vexatiously . . . ." 28 U.S.C. § 1927.

There are three requirements for the imposition of sanctions under section 1927:

First, the attorney must engage in "unreasonable and vexatious" conduct. Second, that "unreasonable and vexatious" conduct must be conduct that "multiplies the proceedings." Finally, the dollar amount of the sanction must bear a financial nexus to the excess proceedings, *i.e.,* the sanction may not exceed the "costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

*Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007) (quoting *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir.1997). The touchstone of finding that an attorney has engaged in "unreasonable and vexatious" conduct is "bad faith." *Amlong*, 500 F.3d at 1239 (collecting cases). To meet that standard, "an attorney's conduct must be particularly egregious to warrant the imposition of sanctions—the attorney must *knowingly* or *recklessly* pursue a frivolous claim or needlessly obstruct the litigation of a non-frivolous claim. *Id.* at 1242 (emphasis in original).

Guerriero has put forward absolutely no showing that Gould's counsel should be sanctioned for any reason, let alone for conduct that rises to the level of bad faith. The parties put their competing arguments forward at summary judgment, which the Court decided in favor of Guerriero. The mere fact that Gould lost does not mean his lawyers should be sanctioned. And Guerriero cannot come up with anything more because counsel for all parties in this case conducted themselves professionally and were able to resolve discovery matters amicably without Court intervention. The undersigned did not pursue a frivolous claim or in any way obstruct this litigation. The Court should easily dismiss Guerriero's claim for entitlement under section 1927.

### <u>Conclusion</u>

For the foregoing reasons, Plaintiff Ryan Gould respectfully requests that the Court deny Defendant Bethany Guerriero's motion for entitlement to attorney's fees. [ECF No. 62].

Dated: September 20, 2024

Respectfully submitted,

**James M. Slater**
James M. Slater (FBN 111779)
Slater Legal PLLC
9000 Dadeland Blvd. #1500
Miami, Florida 33156
Tel. (305) 523-9023
james@slater.legal

Eric Rice (admitted *pro hac vice*)
Law Office of Eric A. Rice LLC
1 West Water Street, Suite 275
St. Paul, Minnesota 55107
Tel.: (651) 998-9660
eric@ricedefense.com

*Attorneys for Plaintiff Ryan Gould*